HARRY R. PROCTOR *v.* CENTRAL VERMONT PUBLIC

SERVICE CORPORATION.

(77 A2d 828)

Special Term at Rutland, November, 1951.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and BLACKMER, JJ., and HULBURD, Supr. J.

Opinion Filed January 2, 1951.

*Philip M. M. Phelps* for the plaintiff.

*Ryan, Smith & Carbine* for the defendant.

BLACKMER, J. This is an action in trespass for damages to real estate. The plaintiff owns land in Fair Haven; the defendant is a domestic public service corporation engaged in the generation and sale of electric energy. The declaration relates that the defendant, without right, erected and maintains on land of the plaintiff a line of poles with wires for the transmission of electric energy (herein- after sometimes referred to as "electric line"), thereby depriving the plaintiff of the use of a part of his land. It is further alleged that the defendant cut brush and line fences, with various enumer- ated consequential damages.

The answer is in two parts. The first is a general denial. The second, paragraphs two through nine inclusive, sets up the defend- ant's title to a right of way for its electric line. Since the plaintiff makes but one claim of defect in the defendant's title, the recapitula- tion of the second part of the answer which immediately follows is abbreviated accordingly. The Rutland Street Railway Company, which had authority to operate street railways and also to generate and sell electric energy, secured by condemnation in 1902 the right to use the land in question for railway purposes. It erected and maintained a street railway across the premises. It also erected and maintained an electric line for the operation of its cars and for the transmission of electric energy for resale. By various conveyances and corporate mergers a right of way for an electric line and title to the poles, wires, apparatus and other accessories thereof was trans- ferred to the defendant.

The plaintiff demurred to paragraphs two through nine of the answer. The demurrer was overruled. The ground relied on here

in support of the demurrer is that the answer does not affirmatively allege that the defendant has operated a railroad on the land in question since the plaintiff acquired his title in 1939. It is stipulated that the land has not been used for railroad purposes since 1924; that the railroad tracks were torn up and removed in 1926; and that such tracks have never been replaced.

Thus arises the question to be decided: Did the defendant's right of way for an electric line terminate and become extinct when the railroad tracks were removed and railroad operations ceased?

We shall pause but briefly over the matter of abandonment. Removal of the tracks twenty-three years before this suit was brought, absence of tracks since their removal, and nonuser for railroad purposes for twenty-five consecutive years is conclusive that the premises were abandoned for railroad uses not later than the time that the tracks were removed. Much citation of authority would be superfluous, but *Platt* v. *Pennsylvania Co.*, 43 Ohio State 228, 240, 1 NE 420, may be mentioned.

The answer to the question posed above is to be found in the provisions of V. S. 47, §§ 9710 and 9711. § 9710 provides that a domestic electric light company, among others, may erect and maintain its line along the sides of railroad tracks within the limits of land owned or held by a railroad corporation on paying to the corporation reasonable compensation therefor; if such compensation cannot be agreed upon, it shall be determined by commissioners in a specified manner. Sec. 9711 enacts that an electric line so erected shall remain the property of the electric light company; shall not pass by any sale, transfer or mortgage made by the railroad corporation of the lands on which such line is located; and shall not be liable to attachment or levy of execution against the railroad corporation. These statutes were in effect in identical language as Vermont Statutes, Revision of 1894, §§ 4234 and 4235, when the defendant's predecessor in title condemned the land for railroad purposes.

In 1902, then, a railroad which took land by eminent domain for railroad purposes could sell, by virtue of V. S. 47, § 9710, a right of way for an electric line over the land so taken; if the railroad refused to sell, an electric light company could obtain a right of way by eminent domain. The railroad use, therefore, was not confined strictly to railroad purposes, but carried inherent in it rights in favor, among others, of electric light companies. These rights might or might not come into actual physical being at a later

period. Put another way, railroad use encompassed other uses, including electric lines. Since this is so, the plaintiff's predecessor in title was entitled to show and receive damages for the full use to which the condemned property might be put by the appropriation, not only railroading but also any other statutory use, electric lines included. *Riddle* v. *Lodi Telephone Co.,* 175 Wis 360, 364, 185 NW 182, 19 ALR 380.

■ The compensation paid in the condemnation proceedings to the plaintiff's predecessor for railway use was full indemnity for that use and all the other uses which the statute of the day included or encompassed therein. The Rutland Street Railway Company having paid the then owner of the land for the right of way now owned and used by the defendant, the defendant is under no obligation, either legal or equitable, to pay this plaintiff therefor a second time. *Brainard* v. *Missisquoi R. R. Co.,* 48 Vt 107, 114.

■ Under the circumstances above described, when an electric line has sprung into being upon lands held for railroad use it is enacted by V. S. 47, § 9711 that the line shall remain the property of the electric light company; it shall not pass by any transfer, voluntary or involuntary, from the railroad corporation. This statute makes the electric line the permanent property of the electric company independent of the railroad use. Logically it results that when the railroad use is abandoned, the right to maintain a then existing independent electric line continues. The order overruling the demurrer to the second part of the defendant's answer was correct, and is affirmed.

As to the plaintiff's claims that the defendant cut brush and line fences, the defendant says that it is equivocal whether the plaintiff intends these matters merely as aggravation or as a distinct trespass or trespasses. For that reason the defendant believes that in answering it was entitled to disregard these allegations on the authority of *Carpenter* v. *Barber,* 44 Vt 441, 446. This is right enough as to the cutting of brush, which may have been incidental to the maintenance of the electric line. But there is nothing equivocal about the claimed cutting of line fences between the plaintiff and his next door neighbor. This alleges an independent trespass, and stands for trial on the general denial.

*Order overruling demurrer affirmed, and cause remanded.*