### Delaware & Hudson Railway Co. v. Central Vermont Public Service Corp.

[360 A.2d 86]

No. 130-75

Present: **Barney, C.J., Smith, Daley and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned**

Opinion Filed June 1, 1976

*Sullivan & McCaffrey*, Rutland, for Plaintiff.

*Jeff Taylor*, Rutland, for Defendant.

### On Reargument

**Barney, C.J.** This opinion is the result of a hearing on reargument, after an entry of dismissal on original hearing. The original entry was in error in any event because it failed to deal with certain moneys admittedly due and owing from the defendant to the plaintiff. The other basis for reargument comes about because the entry of dismissal was based on a particular statute dealing with electric company rights to use railroad rights of way which had not been considered in the proceedings below, or argued before this Court. The reargu-

ment centered upon the meaning of this statute and the propriety of its application here.

The enactment involved is 30 V.S.A. § 2513:

> A domestic telegraph, telephone or electric light company may erect and maintain its line along the sides of railroad tracks within the limits of lands owned or held by a railroad corporation on paying to it reasonable compensation therefor. If they cannot agree upon such compensation, it shall be determined by commissioners residing in the vicinity of the railroad, who shall be appointed and ascertain such compensation agreeably to the provisions of law in case of land taken for railroads.

The controversy involves the arrangements by which the electric company is allowed to run its transmission lines across the railroad company's tracks. Those arrangements had, in the past, been incorporated in lease agreements between the parties. There came a time when the railroad, as lessor, raised the proposed rent in connection with renewing the lease. There is an agreed balance still due under the old lease.

When the electric company objected, the railroad exercised the cancellation clause and brought an action in ejectment. The defendant electric company counterclaimed for damage to its equipment. It also petitioned the public service board for easement rights to cross the tracks. That action is still pending awaiting the outcome of this litigation.

The dispute has now narrowed to a very simple issue. The railroad is contending that the language of 30 V.S.A. § 2513, and in particular the use of the words "along the sides", limits the application of the statute to uses parallel to the tracks. The electric company is, of course, contending for a broader construction that includes crossing as well as parallel usage.

This Court has already construed this statute in terms looking to the broader construction. In *Proctor* v. *Central Vermont Public Service Corp.*, 116 Vt. 431, 77 A.2d 828 (1951) the issue was whether the abandonment of railroad usage terminated the right to maintain an electric line. This Court answered in the negative. In making that answer, Mr. Justice Blackmer, speaking for the Court at pages 432–33, pointed

out that the condemnation for railroad purposes carried with it inherent rights in favor of electric companies. This meant that the property owner whose land was condemned was presumed to have been compensated for all of the included uses of these rights of way, "not only railroading but also any other statutory use, electric lines included." *Id.* at 434.

Anomalous interpretations of statutes are to be avoided, especially if the purpose of the enactment is diluted or defeated by such a reading of the language. *Town of Milton* v. *LeClaire*, 129 Vt. 495, 497, 282 A.2d 834 (1971). Such a situation is immediately raised by a narrow application of the language of 30 V.S.A. § 2513. One of the legislative purposes is quite apparent. It is to minimize the amount of land condemnation and maximize the effective use of land taken, consistent with the operations involved. The use of the phrase "along the sides" can certainly be accounted for. It would avoid a conflict that might otherwise arise if some literal minded joint user of the right of way claimed the right to put a power pole between the rails.

It should be noted that if the electric use is limited entirely to "along the sides", without extending to any air space above the tracks, the lines would, in that view, encroach each time there was a line switching off on the side with the lines, or when two tracks crossed, or where the terrain necessitated the transfer of a power line from one side of the tracks to another. Furthermore, in the light of the *Proctor* case, *supra,* each such crossing, not being included in the original taking, would compel resort to the holder of the underlying fee to get a new right of way. Either the original taking included railroad and electric uses, or it did not. If it did not, it was not included in the original condemnation. *Proctor* v. *Central Vermont Public Service Corp., supra,* 116 Vt. at 433–34.

The confusion inherent in such a result speaks strongly against such a view of the statute. The legislative intent, paramount in the resolution of such conflicts, *State* v. *Mastaler,* 130 Vt. 44, 50–51, 285 A.2d 776 (1971) of necessity must have been directed at preventing, rather than producing, such a tangle. The statute certainly prevents any application of the rules barring condemnation of property already dedicated to a public use. To unnecessarily leave available, by narrow construction, an equally restrictive view leading to useless con-

troversy would be unwise and unwarranted, in view of the plain legislative purpose. *In re Preseault*, 130 Vt. 343, 348, 292 A.2d 832 (1972).

*The judgment below, insofar as it awards damages in the amount of $814.39 for contractual obligations due and owing between the parties, is affirmed; the balance of the action is dismissed and the parties are left to their remedies under 30 V.S.A. § 2513.*