464 F.3d 215
 J. Paul PRESEAULT and Patricia Preseault, Individually, and as partners of 985 Associates, Ltd., Plaintiffs-Appellants,
v.
CITY OF BURLINGTON, VERMONT and State of Vermont, Defendants-Appellees,
Docket No. 04-1154-CV.
 United States Court of Appeals, Second Circuit.
 Argued: January 31, 2005.
 Decided: September 13, 2006.
 
 Christina A. Jensen (Carl H. Lisman, on the brief), Lisman, Webster, Kirkpatrick & Leckerling, Burlington, VT, for Plaintiffs-Appellants.
 William F. Ellis, McNeil, Leddy & Sheahan, Burlington, VT, for Defendants-Appellees.
 Before POOLER, B.D. PARKER, Circuit Judges, and CASTEL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants J. Paul and Patricia Preseault filed suit against the City of Burlington and the State of Vermont alleging that the installation of a fiber-optic cable over a portion of their property, without compensation to them, violated the Takings Clause of the Fifth Amendment. The claim was brought under 42 U.S.C. § 1983 and sought money damages and injunctive relief. The State of Vermont was sued as the successor-in-title to the railroad that held a right-of-way on the property. The City was sued because it had installed the fiber-optic cable on existing utility poles under licenses it obtained from its electric department and/or Verizon Vermont.
 
 
 2
 In our prior opinion, we reviewed the history of the litigation relating to the railroad right-of-way on the Preseaults' property, which has included proceedings in several levels of the Vermont judicial system, the Interstate Commerce Commission, this Court, the Supreme Court of the United States, the Federal Court of Claims and the Federal Circuit sitting en banc. Preseault v. City of Burlington, 412 F.3d 96, 98-99 (2d Cir.2005).
 
 
 3
 In 1899, a railroad right-of-way had been obtained by the Rutland-Canadian Railroad Company ("Rutland") across a portion of the parcel now owned by plaintiffs-appellants. Rutland transferred its easement rights to the State of Vermont in 1964. Since at least the 1950s, the City maintained utility lines and poles within the vicinity of plaintiff's property. Railroad service ended in 1970 and in 1975 the railroad easement was abandoned. Preseault v. United States, 100 F.3d 1525, 1548-49 (Fed.Cir.1996) (en banc). Electrical lines attached to utility poles remained in place following the 1975 abandonment. The City installed the fiber-optic cable to the preexisting utility poles.
 
 
 4
 Vermont law permits any company subject to the jurisdiction of its public service board to erect telecommunications lines along side of railroad tracks upon payment of reasonable compensation to the railroad. Vt. Stat. Ann. tit. 30 § 2513(a). It further provides that, upon transfer of a railroad easement, a line authorized by section 2513 remains the property of the installing utility. Vt. Stat. Ann. tit. 30 § 2514. The predecessor to section 2514 had been construed to apply to a transfer by reason of abandonment. Proctor v. Cent. Vt. Pub. Serv. Corp., 116 Vt. 431, 77 A.2d 828, 830 (1951) ("[W]hen the railroad use is abandoned, the right to maintain a then existing independent electric line continues.").
 
 
 5
 The District Court construed the statutory right of a utility (or, in this case, its successor-in-interest) to be in the nature of a common law easement. It granted summary judgment in favor of the defendants-appellees, applying the increase-in-burden analysis that Vermont would apply in the case of such an easement. Preseault v. City of Burlington, 2004 WL 2732179 at *3-4 (D.Vt. Feb. 5, 2004).
 
 
 6
 Because, on appeal, we viewed it as an unsettled question of Vermont law whether the rights that existed following abandonment were limited to maintenance of the existing lines or, instead, were in the nature of an easement, we certified the following question to the Vermont Supreme Court: "Are the City's rights under section 2514, which remained following the abandonment of the railroad easement pursuant to Proctor, in the nature of a common law easement, or are [they] limited to maintaining the lines that existed prior to the abandonment?" Preseault, 412 F.3d at 103.
 
 
 7
 The Vermont Supreme Court responded to the question, concluding that "the provisions of 30 V.S.A. §§ 2513-2514 confer rights in the nature of a common-law easement with respect to allowing the placement of utility lines along rights-of-way no longer used for railway services." Preseault v. City of Burlington, ___ A.2d ___, 2006 WL 2034755 (Vt. July 11, 2006), Order at 1, rearg. denied, ___ A.2d ___ (Vt. Aug. 18, 2006).[1] It construed the statutory right to mean "that the intrusion must be generally of the type originally contemplated — in this case, telecommunication or electric lines — and must not materially burden the landowner beyond what was intended." Id. at 4. The railroad receiving the original conveyance of the easement "is presumed to have already compensated adjoining landowners for all of the permitted uses, including the installation and maintenance of electric and telecommunication lines — even if those uses came into being at a later time." Id.
 
 
 8
 Viewed in the light of the response to the certified question, the District Court applied the correct legal standard to the claim. It acknowledged that "`the owner of an easement cannot materially increase the burden of it upon the servient estate, nor impose a new or additional burden thereon.'" Preseault, 2004 WL 2732179, at *3-4 (quoting Chevalier v. Tyler, 118 Vt. 448, 111 A.2d 722, 726-27 (1955)).
 
 
 9
 In support of summary judgment, defendants-appellees submitted the affidavit of Christopher W. Burns, a project manager for the city, who stated, based upon his own knowledge of the installed cable in the vicinity of the property, that the cable does not affect plaintiffs-appellants' view of a nearby lake and mountains. He also asserted that the installation was not accompanied by any restriction on erection or growing beyond those that existed prior to installation. Plaintiffs-appellants' response to defendants-appellees' statement of undisputed material facts, submitted pursuant to Local Rule 7.1(c)(1), disputed these assertions, but they failed to come forward with evidence of the type contemplated by Fed.R.Civ.P. 56(c). The sole evidence cited by plaintiffs-appellees in their responsive statement, was the one-page affidavit of J. Paul Preseault, which annexed maps showing the location of the new fiber-optic lines which paralleled the preexisting lines, and a single photograph showing the fiber-optic cable from one angle at one location on the property. The photograph supported the assertion that the fiber-optic cable was installed several feet below the height of the preexisting lines but provided no evidence that any view or any activity would be limited or impaired in any significant way beyond the impairment inherent in the preexisting lines. The District Court was correct in its conclusion that the record did not reveal the existence of a material factual dispute and that the fiber-optic cable did not materially increase the burden on the Preseaults' property.
 
 
 10
 Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The Honorable P. Kevin Castel, United States District Judge for the Southern District of New York, sitting by designation
 
 
 [1]
 In the Vermont Supreme Court, the Central Vermont Public Service Corporation filed an amicus brief on the certified question