## Robert and Jeanette Lubinsky v. Fair Haven Zoning Board

[527 A.2d 227]

No. 84-343

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed February 28, 1986

48

*Smith Harlow & Liccardi, P.C.*, Rutland, for Plaintiffs-Appellants.

*DeBonis & Wright, P.C.*, Poultney, for Defendant-Appellee.

**Barney, C.J.** (Ret.), Specially Assigned. The plaintiffs, Robert and Jeanette Lubinsky, own a house and lot in Fair Haven which they are seeking to convert to a two-family dwelling. An unsuccessful application to the Fair Haven Zoning Board was followed by an appeal to Rutland Superior Court for a de novo hearing in accordance with V.R.C.P. 74. The facts were stipulated and that court also determined that the requested zoning permit for remodeling was properly refused. We affirm.

The building lot involved has characteristics which make it subject to special treatment under Vermont statutes. The issue in the case relates to the measure of that special treatment. 24 V.S.A. § 4406(1) provides:

> Existing small lots. Any lot in individual and separate and non-affiliated ownership from surrounding properties in existence on the effective date of any zoning regulation . . . may be developed for the purposes permitted in the district in which it is located, even though not conforming to mini-

mum lot size requirements, if such lot is not less than one-eighth acre in area with a minimum width or depth dimension of forty feet.

Although the statute would supersede any contrary zoning regulations of Fair Haven in any event, the town's regulations do incorporate the statutory requirement.

The lot in question falls short of the 20,000 square foot Fair Haven minimum lot size requirement; however, it is larger than one-eighth acre in area and it is more than forty feet in depth or width. Moreover, it has been a single, undivided lot not owned by any of the surrounding property owners since before the effective date of Fair Haven zoning. Thus it is a "small lot" within the terms of the statute and the Small Lot Provision of the Fair Haven Zoning Regulations (FHZR § 5.1.1).

Those zoning regulations also provide that a zoning permit is required for remodeling that increases the number of dwelling units. In order for a permit to issue for the zoning district in which the plaintiffs' property is located, there must be 10,000 square feet of lot area per family dwelling.

The decision of the lower court and the zoning board both rested on the impossibility for plaintiffs' premises to fulfill the 20,000 square feet of lot size required for the proposed two-family remodeling. The plaintiffs contend that this area requirement also comes within the range of the statute's relaxation of minimum lot size requirements, and this contention is the basis of their appeal.

The first recourse in applying a statute is to examine the plain meaning of the language used in light of the statute's legislative purpose and in terms of its impact on the factual circumstances under consideration. If that plain language resolves the conflict without doing violence to the legislative scheme, there is no need to go further, always bearing in mind that the paramount function of the court is to give effect to the legislative intent. *Hambley* v. *Town of St. Johnsbury*, 130 Vt. 204, 206-07, 290 A.2d 18, 20 (1972). This concern is so fundamental that, although application according to the plain language is preferred when possible, the letter of a statute or its literal sense must yield where it conflicts with legislative purpose. *State* v. *Baldwin*, 140 Vt. 501, 510-11, 438 A.2d 1135, 1140 (1981).

■ Thus it is apparent that all rules of construction rely on a determination of legislative intent or purpose. That intent is most truly derived from a consideration of not only the particular statutory language, but from the entire enactment, its reason, purpose and consequences. *Andrews* v. *Lathrop*, 132 Vt. 256, 261, 315 A.2d 860, 863 (1974). Only with such an examination can an interpretation be carried out that avoids unreasonable or unjust results, or that avoids dilution or defeat of legislative objectives. *Delaware & Hudson Railway* v. *Central Vermont Public Service Corp.*, 134 Vt. 322, 324, 360 A.2d 86, 88 (1976). Even the very words used by the legislature in the enactment must yield to a construction consistent with legislative purpose. *In re Preseault*, 130 Vt. 343, 348, 292 A.2d 832, 835 (1972). As that case points out, we operate on the presumption that no unjust or unreasonable result was intended by the legislature.

■ There is no disagreement that a basic purpose of 24 V.S.A. § 4406(1) is to provide that lots of sufficient size whose existence predates the enactment of zoning but whose size does not quite comply with the new zoning law will not go to waste unused, but must be allowed to be developed for purposes consistent with uses permitted in the zone where located. It seems plain that the aim is to allow the stated use of lots already existing and not yet developed or built upon. Perhaps in fact that truly defines the full scope of the statute, but that is not the issue presented to us nor the question argued, and so we must proceed further.

Does the statute in question absolve these small lots from all limitations that have some sort of size component? The plaintiffs would say, "Yes." Let us examine the consequences of that position.

Since the remodeling limitations in the Fair Haven Zoning Ordinance operate in terms of square footage per family unit, the plaintiffs' position requires that a lot falling within the "small lot" exemption not be subject to any limitation on the number of dwelling units that can be created on that lot. In other words, any defined "small lot" not only qualifies for residential use, but also has unlimited prospects for multi-family development. This extraordinary result would place "small lots" in a situation of special and unique privilege not available to standard zoning lots in the district, and in derogation of the controlled use and growth concept of zoning.

Two inquiries must be made: First, is this the goal of the statute? Second, if not, is it a consequence so intertwined with the ends of the legislation that it must be endured to accomplish the purpose of the law?

The purpose of the statute is to retain for usefulness pre-existing lots of satisfactory size, even though they do not quite meet zoning limits as to size. It is a sort of limited grandfather clause allowing for limited development on previously laid-out lots that is not seen as unduly disruptive of the desired ends of zoning. It is with this concept in mind that we speak of the statute as more truly applying to not-yet-built-upon "small lots."

In any event, given the limited purpose of qualifying such lots for basic use within the zoning division, and weighing the disarray to be brought about by unlimited application of the language, we hold that the statutory function is exhausted when it brings the "small lot" within the zone as a basic unit, and does not continue to operate to give such lots expanded privileges not available to standard lots in the division. For that to be the interpretation would be to stand the zoning law on its head and defeat its regulatory purpose.

The court below correctly so read the law, and we concur.

*Affirmed.*