STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of }
  Richard and Betty Harrison     }      Docket No. 48-3-99 Vtec

Decision and Order on Appellants' Motion for Summary Judgment

Appellants appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Castleton denying approval of their plans for either an attached or a detached garage. Appellants are represented by John D. Hansen, Esq.; the Town is represented by John S. Liccardi, Esq. Appellants have moved for summary judgment.

Appellants own a .25-acre (10,890 square foot) parcel of land[1] on the shore of Lake Bomoseen. The parcel was created, after the adoption of zoning in Castleton, as Lot #7 on a survey plat entitled "Lands of Robert Brothers - Plan of Lots" dated November 11, 1977. The property had been the former Cedar Grove Hotel property. When it was created, Lot #7 contained a structure containing a social hall and cottage. That building was taken down in 1980.

The lot has been in individual, separate and unaffiliated ownership since February 1985, when it was sold by Brothers to Craig Johnson. The lot was sold by Johnson to Arthur Lennox and his wife in October 1985. The Lennoxes obtained a variance in 1989, pursuant to which they constructed the single-family dwelling now on the lot. The Lennoxes sold the lot and dwelling to Appellants in 1990.

A zoning ordinance has been in effect in Castleton since August 24, 1971, was amended in 1973, 1975, 1978, 1979 and 1985, and was superseded by the present zoning ordinance effective August 20, 1987. The ordinances in effect in 1977 when the lot was

---

[1] The parcel measures 133.7 feet along Route 30, 80.8 feet along its south line to the lake, approximately 110 feet along the lake shore, and 100.45 feet diagonally back to Route 30.

1

created, in 1980 when the structure originally on the lot was taken down, or in 1985 when the Lennoxes purchased it as a vacant lot, have not been presented in evidence. However, the existing small lot provision is required to be incorporated by state statute, 24 V.S.A. §4406(1).

The existing small lot provision of the ordinance and 24 V.S.A. §4406(1) does not apply because the lot was not in separate ownership at the time of the adoption of zoning in Castleton. Moreover, the existing small lot provision does not apply because the lot has been improved with a dwelling. As this Court discussed in In re: Appeal of Persis Corporation, Docket No. 100-6-98 Vtec (Vt. Envtl. Ct., July 28, 1999), the "existing small lot" provisions "only guarantee that an undersized lot may be developed at all for a reasonable economic use; and this undersized lot has been so developed. Those provisions do not guarantee indefinite expansion of uses on undersized lots." See, also, Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47 (1987).

Accordingly, based on the foregoing, Appellants' Motion for Summary Judgment is DENIED, and summary judgment is entered for the Town. The "existing small lot" provision does not allow Appellants to construct either an attached or a detached garage, as the property is already improved with a reasonable use. The expansion of a pre-existing, non-conforming use provision does not apply, because the residential use commenced in 1989, and therefore it did not predate even the most recent zoning ordinance, and certainly did not predate the adoption of zoning in Castleton. Because the dwelling on the lot was constructed under the terms of a variance, any additions or changes to it must obtain an amendment to the variance from the ZBA. Such an application is not, or is not yet, before this Court.

Done at Barre, Vermont, this 14th day of July, 2000.

_____
                 Merideth Wright
                 Environmental Judge