STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Appeal of | } | |
| Melissa N. Sullivan | } | Docket No. 69-4-00 Vtec |
| | } | |
| | } | |

## Decision and Order on Motion for Summary Judgment

Appellant Melissa N. Sullivan appeals from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Sheldon, denying her application to build a single-family residential dwelling. Appellant is represented by Timothy S. Hawkins, Esq.; the Town is represented by Michael S. Gawne, Esq.; two adjoining landowners, Mr. Edwin Levick and Ms. Bertha Johnson, have entered their appearance as interested parties, but have not participated in the briefing of the motion for summary judgment. Appellant has moved for summary judgment.

The following facts are undisputed, except as otherwise noted. The current Town of Sheldon Zoning Bylaws were adopted in 1994. Appellant acquired her property at #43 on both sides of High Street in 1999 in a single quit-claim deed. Reserved from that parcel was the portion of West Street which had been deeded to the Town in 1972 as a three-rod-wide strip of land by the Standard Packaging Corporation.

The westerly portion of Appellant's property is improved with a pre-existing residence. The portion of the property located to the east of High Street is unimproved. It is 8,400 square feet (greater than 1/8 acre) in area, has a frontage on High Street of 80 feet, and has a depth of 105 feet. Appellant applied to the Zoning Administrator for a building permit to construct a residence on the easterly portion of the property as if it were a separate parcel.

Appellant also seems to have applied to the Planning Commission for treatment of the application as an existing small lot under §404 of the Zoning Bylaws. It is not clear under what section Appellant made this application to the Planning Commission, or

1

whether Appellant was applying to subdivide the land; no decision of the Planning Commission is here on appeal.

The Zoning Administrator's ruling on Appellant's application has not been provided to the Court. Appellant applied to the ZBA both as an appeal of the Zoning Administrator's decision and as an application for conditional use approval. Appellant did not check the box on the form for a variance request. The Zoning Regulations have not been provided to the Court, so that the Court cannot determine the zoning district in which the parcel is located, or whether the lot as a whole is non-conforming, or whether both portions would become nonconforming if they were subdivided, or whether this application required conditional use approval in the first place, or whether more than one residence is allowed to be built on a single parcel. Moreover, the existing small lot provision only applies to an undeveloped parcel; if Appellant's parcel is considered as a single parcel, it is already developed with a residence and the existing small lot provision does not apply. Lubinsky v. Fair Haven Zoning Board, 148 Vt. 47 (1986)

The ZBA considered Appellant's application only to the extent that it concluded that the land on both sides of the road constituted a single lot. Based on that conclusion the ZBA denied the "request for a variance" without further analysis. The ZBA did not apply the standards for conditional use approval, nor did it consider the five criteria for a variance, nor did it consider the standards found in Wilcox v. Village of Manchester Zoning Board of Adjustment, 159 Vt. 193 (1992), for determining if a parcel held as a single lot should be considered to be two lots. See, also, Appeal of Weeks, 167 Vt. 551 (1998).

Not only are material facts in dispute as to whether the parcel should be treated as one lot or as two under Wilcox, but the ZBA has not rendered a decision under the Wilcox standards or the variance standards, nor has the ZBA even determined if the property requires a conditional use permit or ruled on the application for such a permit. Without a ZBA decision on these issues, the Court cannot consider them, and must remand the matter for the ZBA to render a decision. As the Vermont Supreme Court made clear in In re Maple Tree Place, 156 Vt. 494, 500 (1991), "[t]he court, on review of a zoning board or planning commission decision, is acting within its proper role when it decides questions that have been formulated in the local approval process and which divide the parties. It is

2

beyond its role as an appellate tribunal, even under a de novo review standard, to start addressing new issues never presented to the [ZBA] and on which interested persons have not spoken in the local process. Use of the remand authority in such cases is consistent with the court's role."

Accordingly, Appellant's Motion for Summary Judgment is DENIED, this appeal is DISMISSED without prejudice to the same issues being raised in any appeal after remand[1], and the matter is hereby REMANDED to the ZBA for it to act on Appellant's application for conditional use permit and to determine whether Appellant's property is functionally a single lot under Wilcox. If Appellant wishes her application to be considered under the variance criteria, or the criteria for expansion of a nonconforming use, as appropriate, she may apply to the ZBA to amend her application.

Done at Barre, Vermont, this 17th day of October, 2000.

_____
Merideth Wright
Environmental Judge

---

[1] The Court will consider waiver of the filing fee if appealed after remand; a motion to that effect should be made when the appeal is filed.