STATE OF VERMONT

ENVIRONMENTAL COURT

| | | |
|---|---|---|
| In re: Appeals of John R. | } | Docket Nos. 259-12-99 Vtec |
| Mullen | } | and 187-9-00 Vtec |
| | } | |
| | } | |
| | } | |

Decision and Order

In Docket No. 259-12-99 Vtec, Appellant John R. Mullen appealed from a decision of the Development Review Board (DRB) of the City of Barre denying a variance from the density requirements of the Zoning Ordinance. In Docket No. 187-9-00 Vtec, Appellant appealed from a DRB decision denying his request to treat an apartment as a pre-existing nonconforming use of the first floor of the building at issue in these cases. The two appeals were consolidated.

Appellant is represented by L. Brooke Dingledine, Esq.; the City of Barre is represented by Oliver L. Twombly, Esq. An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, who also took a site visit alone, by agreement of the parties at the hearing. The parties were given the opportunity to submit written requests for findings and memoranda of law, as well as additional evidence in affidavit form. Upon consideration of the evidence[1], the site visit, and the written memoranda and proposed findings, the Court finds and concludes as follows.

Appellant John R. Mullen purchased the property at 59-61 Prospect Street in the City of Barre in 1992, after the adoption of zoning regulations. The property is approximately 4,457 square feet in area, which is less than an eighth of an acre. The front lot line is 54.4 feet, the back lot line is 69.3 feet, and the side lot lines are 70.7 and 73.0 feet. The property is located on the corner of Prospect Street and Burnham Street. The City garage is located behind the property and at a lower elevation; there is no land available for purchase for expansion. The property is located in the Planned Residential zoning district, in which one-family, two-family, and multiple family dwellings, home occupations, and professional residence-office are all permitted uses.

The lot contains an existing building used for many years as a mixed-use building with residential uses on the second floor and a commercial use on the ground floor. When Appellant purchased the building in 1992, it had a mom-and-pop convenience or grocery store on the ground floor and two apartments on the upper floor. One is a one-bedroom apartment and one is a three-bedroom apartment.

Appellant ran the convenience store on the ground floor of the building from 1992 through 1994. Due to the increase of convenience stores at gasoline stations in the vicinity, it became unprofitable for Appellant to operate the convenience store and he closed the business. He rented the commercial space to three successive tenants who were unable to operate profitably at that location, and the ground floor space became vacant.

It would be physically feasible to reconfigure the interior of the house to convert it to two large apartments, either by installing an interior stairway to combine the downstairs space with the one-bedroom upstairs apartment, or by combining the upstairs two apartments and converting the downstairs commercial space into an apartment. However, the market rents for such apartments would not reasonably amortize the cost of the conversion. Appellant wishes to leave the two upstairs apartments in place and to convert the ground floor space to an additional one-bedroom apartment.

The minimum lot size for a single-family dwelling is 10,000 square feet, for a two family dwelling is 20,000 square feet, and for a multi-family dwelling is 8,000 square feet for each unit. A non-residential use requires 80,000 square feet. ' 5.14.03(a). Thus, although all those uses are conforming uses in the district, they are non-conforming uses on this property as to lot size. The parties both assume that the use comes under the provisions of ' 5.1.4 regarding alterations or expansions to nonconforming uses, and that the property would need a variance to be allowed to contain three apartments, even without making any exterior changes to the structure.

Variance Analysis

The property does not qualify for a variance, as it fails to meet all but one of the criteria in 24 V.S.A. ' 4468(a). That section requires that all five of the following criteria be met to qualify for a variance:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning regulation in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(3) That the unnecessary hardship has not been created by the appellant;

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, nor be detrimental to the public welfare; and

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the zoning regulation and from the plan.

Appellant's parcel does not have unique physical circumstances or conditions peculiar to the particular property, even though the lot is very small. The hardship claimed by Appellant is an economic hardship due to the provisions of the zoning regulations requiring a 24,000-square-foot

lot for a three-unit multi-family dwelling, and not to any unique physical circumstances of the property. Not only is the lot suitable for one or two-family residential use, but it has a pre-existing house located on it which has been used as two apartments over the store premises. That is, the property can be and has been developed as a pre-existing house containing 2 apartments and qualifying for the pre-existing nonconforming use protections of the zoning regulations. While Appellant's proposed use of the non-conforming property to replace the store with an additional apartment may be a reasonable one, the court cannot find that a variance is necessary to make any reasonable use of the property.

Further, under Vermont law, by purchasing the property after the current zoning regulations became effective, Appellant is considered to have created the hardship from which he now seeks relief. See, e.g., In re Cumberland Farms, Inc., 151 Vt. 59, 61 (1989).

Finally, although it would be more expensive to reconstruct the interior of the house to result in two larger apartments than it would be to add the third apartment, that action could be taken and therefore the proposal does not represent the minimum variance which could afford relief.

Nonconforming Use or Existing Small Lot Analysis

However, the Zoning Regulations contain another provision that may be applicable to the circumstances of this appeal. The parties have not addressed this provision; therefore we do not apply it to these appeals at this time, but raise it for the parties= consideration. Section 5.1.05 provides that an existing small lot may be developed for the uses permitted in the district, even though not conforming to the minimum lot size requirement, under any one of three distinct circumstances. In this respect the City of Barre ordinance appears to be much more expansive in its protections for existing small lots than is state law. State law requires that each zoning ordinance provide for development of existing small lots over an eighth of an acre in size and with minimum dimensions of 40 feet. 24 V.S.A. ' 4406(1). This statutory section does not prohibit municipalities from allowing the development or the grandfathering of existing smaller lots; it merely requires that they allow development of existing small lots that meet the state size standard.

The Barre City ordinance provides for development of existing small lots over an eighth of an acre in size and with minimum dimensions of 40 feet, as required by 24 V.S.A. ' 4406(1). ' 5.1.05(1). However, it contains two additional protections for preexisting small lots. It also provides that an existing small lot may be developed, even if it does not meet these dimensional requirements, A if the parcel could have been developed under [the preceding zoning ordinance] for the purposes permitted in the district in which it is located.@ ' 5.1.05(2). Like the state statute, both of these provisions only apply to existing small lots that are vacant and undeveloped. They do not give any special exemption for further expansion to existing small lots such as the present one that have already been developed. See, e.g., Lubinsky v. Fair Haven Zoning Board, 148 Vt. 47 (1987).

However, the third subsection of ' 5.1.05 gives an unusual exemption for an existing undersized lot containing a nonconforming or noncomplying building, such as Appellant= s lot. It provides that such a lot may be developed for the purposes permitted in the district in which it is located

even though not conforming to the minimum lot size requirement A [i]f a nonconforming structure or noncomplying building is situated on the parcel, provided that the coverage of the building is not enlarged.@ ' 5.1.05(3). The only nonconformity cited for Appellant= s lot appears to be that it fails to meet the minimum lot size for any of the uses permitted in the district. It appears to meet the third of the three criteria under ' 5.1.05.

If the parties wish to address the applicability of ' 5.1.05, they may submit supplemental arguments in writing so that they are received at the Court on or before March 25, 2002, which should at a minimum address the issue raised in Lubinsky, supra, regarding the extent of any additional exemption granted by ' 5.1.05(3) to the building, beyond that given by the state statute (or ' 5.1.05(1)) to an undeveloped small lot. Otherwise, they shall inform the Court as soon as possible so that the Court may conclude its ruling in Docket No. 187-9-00 Vtec.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant= s application for a variance to allow the construction of a third apartment on the ground floor of the building is DENIED, thereby concluding Docket No. 259-12-99 Vtec.

In Docket No. 187-9-00 Vtec, on or before March 25, 2002, the parties may submit supplemental memoranda regarding the applicability of ' 5.1.05(3) to Appellant= s request to treat an apartment as an authorized use of the first floor of the building.

Dated at Barre, Vermont, this 7th day of March, 2002.

_____

Merideth Wright
Environmental Judge

---

**Footnotes**

[1.]   The parties have not provided in evidence a copy of the Zoning Regulations applicable to these appeals; for the purposes of this decision we have borrowed a copy from another file, amended through October 15, 2000. Please provide a copy of the Zoning Regulations for the record in these appeals, and advise the Court immediately if the parties disagree regarding which version of the Zoning Regulations is applicable to these appeals.