STATE OF VERMONT

ENVIRONMENTAL COURT

|  | } |  |
| --- | --- | --- |
| Appeal of Frey | } | Docket No. 150-8-04 Vtec |
|  | } |  |

Decision and Order on Cross-Motions for Summary Judgment

Appellants Evelyn W. and Edward P. Frey appeal from Decision Z-04-31 of the Development Review Board (DRB) of the Town of Stowe. That decision upheld the Administrative Officer's grant of a zoning permit to Appellee-Applicants, Drs. Anthony Lapinsky and Colleen Smith, for the use of the "connector" driveway between their adjoining Lots 14 and 15 in the Little River Farms subdivision and Lots G and 17 in the Lower Leriche Farms subdivision. This appeal is taken as an on-the-record appeal because the Town has adopted and implemented the procedures necessary for such appeals. Appellants have appeared and represent themselves, as does Interested Person Steven Mayhall. Appellees are represented by Jennifer Colin Dall, Esq.; Amanda S. E. Lafferty, Esq. represents the Town of Stowe.

The parties have submitted the merits of this appeal by cross-motions for summary judgment on all issues raised by Appellants' Statement of Questions: whether Appellees' zoning permit application to use the "connector" should be denied because they have not complied with a condition of their state Act 250 land use permit (LUP #5L1018-4/5L0496-9(EB)-Remand), which requires Appellees to erect an electronically-controlled gate near the Parker Lane/Lot 17 property line.

The following facts are undisputed unless otherwise noted. The Court finds that no facts material to the disposition of the pending motions are in dispute.

1. Appellees own approximately 21 acres of property located in both the Rural Residential 5 zoning district and in the Ridgeline and Hillside overlay zoning district.

2. Appellees' property includes combined Lots 14 and 15 in the Little River Farm subdivision (subject to LUP #5L1018, as amended) and adjoining parcels, Lots G and Lot 17, in the Lower Leriche Farm subdivision (subject to LUP #5L0496, as amended).

3. Appellees' residence is located on Lots 14 and 15.

4. Condition #14 of the Act 250 permit applicable to Lots 14 and 15 (LUP #5L1018 (Reconsideration)) required that no access be provided for Lot G from the Little River Farm tract (including from Lots 14 and 15).

5. Sometime after the original Act 250 permit's issuance, a connecting private road or driveway (the connector road at issue in this appeal) was installed between Lots 14 and 15 and Lot G.

6. Appellees applied for an amendment to the Act 250 permits covering their properties in both the Little River Farm and Lower Leriche Farm subdivisions.

7. After a number of zoning and Act 250 appeals, including a hearing and a decision by this Court (Appeal of Anthony Lapinsky and Colleen Smith, Docket No. 118-5-02 Vtec (Vt. Envtl. Ct. October 11, 2002)), Appellees' Act 250 Permit Amendment Application (LUP #5L1018-4/5L0496-9(EB)-Remand) was granted on January 22, 2004. It authorized Appellees to use the 90-foot "connector" driveway "as access between Lots 14/15 in the Little River Farm subdivision, and Lot G of the Lower Leriche Farm subdivision."

8. Among the many conditions of the amended Act 250 permit are the following requirements: (a) that representatives of the State have access to the property; (b) that Appellees maintain their Little River Farm address as their E911 address; (c) that Appellees construct an

electronically-controlled gate near the intersection of Lot 17 and Parker Lane that is to remain closed unless a car is passing through; and (d) that the term of the permit is indefinite, as long as it is complied with.

9. Appellees have not yet installed the electronically-controlled gate as required by their Act 250 permit, but the "connector" drive has been blocked by a log prohibiting the drive's use by vehicles, including during the pendency of this appeal.

10. On October 15, 2004, the Environmental Board decided that formal enforcement of Appellees' Act 250 permit was not needed because there was no evidence of construction relative to the connector road and because Appellees had not availed themselves of the Act 250 permit.

11. Appellees then applied to the Town of Stowe's Administrative Officer for a Zoning Permit to use the "connector." The Administrative Officer issued Town Zoning Permit Z-04-31, effective April 14, 2004.

12. Section 4.1(4) of the Zoning Ordinance states:

No zoning permit shall be issued until all necessary state approvals have been obtained, and a permit for sewage disposal has been obtained under the provisions of the Stowe Health Ordinance, if needed, or, when applicable, a permit for sewage disposal obtained from the Stowe Waste Water Treatment Facility.

13. Appellants appealed the Administrative Officer's decision to the DRB on April 12, 2004. After three hearings, the DRB upheld the decision on August 27, 2004.

Discussion

Appellants contest the DRB's approval of the zoning permit because, they argue, Appellees have not received "all necessary state approvals" for the use of the "connector." Appellants contend that because Appellees have not constructed an electronically-controlled gate in compliance with Condition 7 of their amended Act 250 permit, Appellees' Act 250 permit is

either not effective or void. Therefore, Appellants argue, Appellees have not been issued "all necessary state approvals." See § 4.1(4).

Zoning ordinances are interpreted according to the general rules of statutory construction. In re Weeks, 167 Vt. 551, 554 (1998). Thus, we first look to the plain meaning of the ordinance. In re Stowe Club Highlands, 164 Vt. 272, 279 (1995). If the plain meaning "resolves the conflict without doing violence to the legislative scheme, there is no need to go further . . . ." Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986).

Section 4.1(4) is unambiguous and plain on its face. The zoning administrative officer is prohibited by this section from issuing a zoning permit until the project seeking zoning approval has first received all state permits needed for the project, and has also received town approval for sewage disposal, whether under the Town's health ordinance or from the municipal wastewater treatment plant. Nothing about the prohibition in section 4.1(4) prevents an applicant from applying for and pursuing all required town and state approvals concurrently or in any desired sequence. This section only prevents the Administrative Officer from ministerially issuing the zoning permit unless it is the final step in the municipal permit approval sequence.

The parties do not dispute that the only permits required for Appellees' use of the "connector" are a zoning permit and an Act 250 permit amendment. The Act 250 permit amendment was required because Condition 14 of LUP #5L1018-1 for Lots 14/15 in the Little River Farm subdivision had prohibited the construction of a connecting driveway between the Little River Farm subdivision and Lot G of the Lower Leriche Farm subdivision. Appellees received their Act 250 permit amendment from the District 5 Environmental Commission on January 22, 2004. See Appellees' Exhibit 6. Thus, Appellees have satisfied the requirement that they be issued "all necessary state approvals" before receiving their zoning permit. § 4.1(4).

Appellants argue that because Appellees have not constructed the electronic gate and have not complied with the conditions of their Act 250 permit, that the Appellees have not received "all necessary state approvals." The District 5 Environmental Commission approved the Act 250 permit amendment, and the Environmental Board subsequently ruled that Appellees do not need to construct the electronically-controlled gate until they availed themselves of the permit by beginning construction on or use of the "connector." Appellees' Exhibit 11 (A)-(C). As soon as Appellees received their Act 250 permit amendment, they were granted state approval for the use of the "connector."

Once Appellees were granted their Act 250 permit amendment, they were granted "all necessary state approvals." Whether Appellees have satisfied all the conditions of their Act 250 permit is irrelevant to the analysis under the Stowe Zoning Ordinance.

During the pendency of this appeal, Appellees have not used the "connector" because vehicular access has been blocked by a large log. See Appellees' Exhibit 11(A), Appellees' Exhibit C-2. Their Act 250 permit requires that as soon as Appellees begin using the "connector" as a driveway between the Lower Leriche Farm and the Little River Farm subdivisions, all Act 250 permit conditions must be complied with, including the installation of the electronically-controlled gate. Lastly, just because Appellees have not completed the development contemplated by their Act 250 permit or used the "connector," it does not mean that they have not received "all necessary state approvals." See § 4.1(4).

Accordingly, based on the foregoing, it is hereby ordered and adjudged that Appellants' motion for summary judgment is **DENIED**, and Appellees' motion for summary judgment is **GRANTED**, thereby concluding this appeal.

Done at Berlin, Vermont, this 7th day of March, 2005

_____
Thomas S. Durkin
Environmental Judge