# STATE OF VERMONT

## ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Appeal of Ross | } | Docket No. 137-8-04Vtec |
| | } | |
| | } | |

### Decision and Order on Pending Motions

Appellant H. Lawrence Ross appealed from a decision of the Village of Manchester (Village) Zoning Board of Adjustment (ZBA), granting Appellee-Applicants Dr. Albert and Mrs. Georgette Levis' application for a conditional use permit for the improved property at 2106 River Road, formerly known as the Old English Inn. Appellant is represented by Joseph J. O'Dea, Esq.; the Village is represented by W. Michel Nawrath, Esq; Appellee-Applicants are represented by Peter H. Banse, Esq. Appellant filed a motion for summary judgment; Appellee-Applicants filed an opposition thereto, together with a motion to dismiss this appeal.

Appellant's motion for summary judgment concerns only one issue: whether Dr. Levis' proposed use of the Old English Inn can be classified under the Village's Zoning Bylaw § 5.12(1) as a permitted conditional use in the Rural Residential (RR) zoning district.

### Factual Background

1. Appellee-Applicant Dr. Albert J. Levis, M.D., is a Vermont-licensed retired clinical psychiatrist who specializes in the study of the creative process and the study of creativity as it relates to self-discovery and growth. Dr. Levis' former practice was located in Connecticut and was called the Center for the Study of Behavior. He has authored a book entitled CONFLICT ANALYSIS: THE FORMAL THEORY OF BEHAVIOR, A THEORY AND ITS EXPERIMENTAL VALIDATION (publisher and date not cited).

2. Appellee-Applicants purchased the subject parcel and improvements at 2106 River Road in 2003. The property contains approximately five acres of land, but is surrounded by hundreds of acres of forested land. It is in the Village's RR district.

3. The Old English Inn, the centerpiece of the property, was originally built in 1903 and is a large twenty-two room structure surrounded by trees and virtually invisible from River Road. The building's closest neighbors are approximately two hundred yards to the west. The

1

Old English Inn's former owners used it as a rooming house serving hikers and long-term tenants, including members of the Target Program at Burr and Burton Academy.

4. Appellee-Applicants propose using the Old English Inn as a facility to implement Dr. Levis' emotional education program entitled "Creativity and Power Management," which "consist[s] of theory and instruments [sic] . . . incorporat[ing] many therapeutic modalities integrated into one single unified conceptual and therapeutic model that proceeds from understanding behavior to helping the individual to understand oneself and to gradually develop skills." Aff. of Albert Levis, at ¶2.

5. Dr. Levis proposes to conduct various programs ranging in length from a weekend to two weeks or longer, with a variety of activities, lodging, and food service, all centered on the promotion of Dr. Levis' psychotherapy study. The facility will be run by a Vermont not-for-profit corporation entitled the "Institute for Conflict Analysis and the Museum of the Creative Process."

6. According to Dr. Levis, his program "effectively educates about behavior, assists a person to find [out] about oneself, provides a person with new non-stigmatizing diagnostic information with clarity on what changes are necessary to relieve symptoms, and provides a person with information on how to bring about such changes." Aff. of Albert Levis, at ¶3.

7. According to a sample schedule, Dr. Levis' offering will be entitled "Teleion Holon," (greek for "The Perfect Universe") and will include classes or seminars. The proposed activities appear to range from studies of science, psychology, morality, and conflict resolution to yoga, tai-chi, and nature walks. Dr. Levis also proposes using nearby museums and art galleries as part of the proposed programs.

8. Possible clients of Dr. Levis' proposed facility include patients, medical and mental health professionals, and educators. At some point, Dr. Levis intends to conduct conferences for different professionals, possibly in conjunction with his facility at the nearby Wilburton Inn.

9. Appellee-Applicants presented their application to the Village ZBA to operate Dr. Levis' center at the Old English Inn as a conditional use on April 26, 2004. The ZBA approved Appellee-Applicants' conditional use application with conditions after an additional hearing and a deliberative session on May 17, 2004.

2

**Discussion**

Appellee-Applicants moved to dismiss this appeal, alleging that Appellant does not have standing to appeal because he does not meet the statutory requirement that an interested person participate in the municipal proceedings in order to have standing to appeal that municipal panel's decision. 24 V.S.A. § 4471(a) (2004). This section became effective on July 1, 2004. Because the decision appealed from was rendered on June 21, 2004, we apply the provisions of the Vermont Planning and Development Act in effect at that time. The Act's provisions in effect prior to July 1, 2004, only require Appellant, as an interested person, to own property in the "immediate neighborhood of a property which is the subject of" a ZBA decision, and that Appellant allege that if the decision on appeal is upheld, it "will not be in accord with the policies, purposes or terms of the plan or bylaw of the municipality." 24 V.S.A. § 4464(b)(3) (2003).

In this instance Appellant has met the second requirement of § 4464(b)(3). The only issue in the motion to dismiss is whether Appellant has met the first requirement; that is, whether the property owned or occupied by Appellant is "in the immediate neighborhood" of Appellee-Applicants' project.

This Court stated in Appeals of National Realty & Development Corp., Docket Nos. 22-2-03 Vtec, 61-4-03 Vtec, 68-5-03 Vtec and 114-7-03 Vtec (Vt. Envtl. Ct., July 25, 2003) that:

> [t]here is no specific physical radius or distance, either as the crow flies or along the roadways, for determining whether an appellant's property is 'in the immediate neighborhood' of a project . . . . Rather, to determine whether a putative appellant is 'in the immediate neighborhood' under § 4464(b)(3), we look to the physical proximity of the two properties, and examine other factors as well.

Id., slip op. at 2.

Because Appellant's property is located at 2240 River Road, only one-tenth of a mile from the Old English Inn, we see no need to look at other factors. Applying the same test articulated in Appeals of Hoisington & Gladstone, Docket Nos. 177-9-99 Vtec, 189-10-99 Vtec and 190-10-99 Vtec (Vt. Envtl. Ct., November 29, 1999), where the appellants had standing to bring the appeal because their properties were potentially affected by the traffic to be generated from the proposed project, we find that Appellee-Applicants' proposal could impact Appellant's property. We therefore further find that Appellant has standing to initiate and maintain this appeal.

3

Appellant moves for summary judgment on whether Appellee-Applicants' proposed use can properly be considered as a conditional use permitted in the RR district under § 5.12 of the Village Zoning Bylaw. Section 5.12(1) allows "a museum, art center, clinic or similar philanthropic use, operated by a governmental unit or non-profit corporation, or a community association," to be permitted as a conditional use in the RR District.

Zoning ordinances are interpreted according to the general rules of statutory construction. In re Weeks, 167 Vt. 551, 554 (1998). Thus, we first look to the plain meaning of the ordinance. In re Stowe Club Highlands, 164 Vt. 272, 279 (1995). If the plain meaning "resolves the conflict without doing violence to the legislative scheme, there is no need to go further . . . ." Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986).

Appellant's challenge can be characterized as whether Appellee-Applicants' proposed use of the Old English Inn is a "clinic or similar philanthropic use, operated by a . . . non-profit corporation." Bylaw § 512(1). We must view the facts relevant to Appellant's challenge in a light most favorable to Dr. Levis, since he is the non-moving party. See Toys Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990) ("The party against whom summary judgment is sought is entitled to the benefit of all reasonable doubts and inferences in determining whether a genuine issue of material fact exists").

The dictionary defines the word "clinic" as, "[a] medical establishment run by several specialists working together" or as, "[a] center that offers counsel or instruction." Webster's II New College Dictionary 215 (3d ed. 2005). While Appellee-Applicants' proposed use can be characterized as a "center that offers counsel or instruction," as Dr. Levis will conduct counseling and teach classes at the Old English Inn, we are not constrained by the dictionary definition of the term "clinic" because § 5.12(1) clearly permits similar uses by way of the phrase "similar philanthropic use."

The word "philanthropy" is defined as "an institution established to promote human welfare." Webster's II New College Dictionary 846 (3d ed. 2005). Dr. Levis asserts that his proposed center will promote human welfare, including instruction and programs available to educate the patients about themselves in an effort to cure their symptoms. Notably, Dr. Levis has already established the Institute of Conflict Analysis and the Museum of the Creative Process, the non-profit entity that would run the program. Dep. of Dr. Albert J. Levis, at 28.

4

Given the range of non-profit philanthropic activities similar to a clinic that Dr. Levis represents will be conducted at his facility, including clinical psychology, we cannot find at this time that Appellee-Applicants' proposed use does not fit within the enumerated uses that may be permitted as conditional uses in the RR district pursuant to § 5.12(1). We therefore conclude that Appellee-Applicants' request for summary judgment must be denied at this time.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that both Appellee-Applicants' motion to dismiss and Appellant's motion for summary judgment are **DENIED**. A conference will be scheduled by the court manager (see enclosed notice) to discuss any remaining issues in this matter, including the scheduling of a merits hearing.

Done at Berlin, Vermont, this 1st day of November, 2005.

_____

Thomas S. Durkin, Environmental Judge