# STATE OF VERMONT

# ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Appeal of Beebe | } | Docket Nos. 204-11-04Vtec; |
| | } | 218-11-04 Vtec; and |
| | } | 237-12-04 Vtec |

## Decision and Order on Motion for Summary Judgment

The above-referenced dockets concern three appeals filed by Appellant-Applicant Ted Beebe from decisions of the Town of Highgate (Town) Planning Commission, denying his applications for site plan approval for successive subdivision plans.[1]

At issue in Docket No. 204-11-04 Vtec is the denial of Mr. Beebe's application for a five-lot subdivision;[2]  at issue in Docket No. 218-11-04 Vtec is the denial of Mr. Beebe's application for a four-lot subdivision;[3]  and at issue in Docket No. 237-12-04 Vtec is the Commission's refusal to hear Mr. Beebe's application for a nine-lot subdivision.[4]  Appellant-Applicant is represented by Daniel O'Rourke, Esq.; the Town is represented by David A. Barra, Esq.; and ten Interested Persons[5] appeared and represent themselves.

Appellant-Applicant filed a motion for partial summary judgment and the Town filed a memorandum in opposition thereto regarding two of the questions raised by Appellant-Applicant's statement of questions, which are summarized as follows:

1.     Does Appellant-Applicant's 15.59-acre parcel on the westerly side of Spooner Road require subdivision approval; and

---

[1]  The Planning Commission previously denied preliminary plat approval for a different nine-lot subdivision that Mr. Beebe applied for in April, 2004.  That denial was not appealed and is therefore not subject to review by this Court.

[2]  Mr. Beebe originally characterized his application as proposing a four-lot subdivision.  Whether it is properly characterized as a five-lot subdivision is the subject of a discussion below.  The lots proposed for development in this application abut the easterly boundary of Spooner Road.

[3]  The lots proposed for development in this application abut the northerly boundary of Jones Road.

[4]  The lots proposed for development in this application abut both Spooner and Jones Roads.

[5]  The Interested Persons who have appeared in each of the pending appeals are John F. Perrotte, Pennie LaFlame, Sandra A. Jones, Pauline Decarreau, Nancy Ward, Carol Hager, Myron B. Messeck, William Ashton, Joyce Ashton and Patricia Rainville.

2. May the Planning Commission refuse to consider Appellant's application for a nine-lot subdivision on the same property after previously denying Appellant-Applicant's applications for separate nine, five, and four-lot subdivisions?

## Factual Background

The following facts are undisputed unless otherwise noted:

1. Appellant-Applicant owns 48.5 acres of land adjacent to the northerly side of Jones Road, and on both the east and west sides of Spooner Road. Some of the property is located in the Protected Areas zoning district and some in the Forest Reserve zoning district. Approximately 15.59 acres (the 15.59-acre parcel) lies on the westerly side of Spooner Road and approximately thirty-three acres (the 33-acre parcel) lies on the easterly side of Spooner Road.

2. In April of 2004, Appellant-Applicant submitted a preliminary plat application to the Planning Commission for a proposed nine-lot subdivision on the easterly side of Spooner Road and northerly side of Jones Road. The preliminary plat application did not include the 15.59-acre parcel. Appellant-Applicant ultimately reduced the proposal to a six-lot subdivision, but the Planning Commission denied Appellant-Applicant's proposed subdivision. No appeals were taken from these Planning Commission determinations.

3. In July 2004, Appellant-Applicant returned to the Planning Commission and submitted a preliminary plat application for a subdivision of only the 33-acre parcel on the easterly side of Spooner Road, proposing to divide it into four lots: a 3.15-acre lot known as Lot 1, a 2.61-acre lot known as Lot 2, a 2.13-acre lot known as Lot 3, and the remaining 25-acre lot known as Lot 4, which contained Appellant-Applicant's existing dwelling and two barns.

4. The Planning Commission approved Appellant's preliminary plat application, but at its August 2004 hearing on Appellant's final plat application, the Planning Commission determined that the 15.59-acre parcel on the westerly side of Spooner Road should be labeled Lot 5 and should have been included in the application. As a result, the Planning Commission voted to recess the hearing on Appellant's application, concluding that the hearings on his application should have been warned as a five-lot subdivision, as opposed to four. The appeal of this denial of Appellant's four-lot subdivision application is the subject of Docket No. 204-11-04 Vtec.

5. In September 2004, the Planning Commission reviewed Appellant's new five-lot subdivision application. The preliminary plat for the five-lot subdivision relocated three of the

subdivided lots from the northerly side of the 33-acre parcel along Spooner Road to the southerly side of the 33-acre parcel with frontage on Jones Road. The five lots in the September 2004 proposal consisted of a 5.04-acre lot, known as Lot 8, in the south-easterly corner of the 33-acre parcel; a 1.84-acre lot, known as Lot 7, roughly in the middle of the Jones Road frontage; a 1.99-acre lot at the north-easterly corner of the Spooner and Jones Road intersection, known as Lot 6; a 24.01-acre lot known as Lot 4, containing the existing residence and two barns, northerly of Lots 6, 7, and 8 with frontage on the easterly side of Spooner Road; and finally, the entire 15.59-acre lot on the westerly side of Spooner Road, labeled as Lot 5.

6. In October 2004, the Planning Commission met for a fourth time and denied Appellant's application for the proposed five-lot subdivision. In doing so, the Commission concluded that the proposed project failed to meet the Town's plan for growth, provisions for municipal services, and guidelines for development. Mr. Beebe's appeal of this denial of his five-lot subdivision application is the subject of Docket No. 218-11-04 Vtec.

7. On November 30, 2004, Appellant-Applicant submitted another application for site plan and subdivision review of a nine-lot subdivision of only the 33-acre parcel on the easterly side of Spooner Road. The 15.59-acre parcel on the westerly side of Spooner Road was not part of the November 2004 nine-lot subdivision application. All proposed lots have frontage on either the easterly side of Spooner Road or the northerly side of Jones Road, with the exception of newly-proposed Lot 5 that is served by an easement across the proposed Lot 3. Appellant-Applicant's existing house and two barns remain located on Lot 4.

8. On December 7, 2004, the Planning Commission informed Appellant-Applicant that they would not consider his nine-lot subdivision application because it was substantially similar to Appellant-Applicant's previous two applications for subdivision approval "that were denied and are under appeal before the Vermont Environmental Court." Appellant's Attach. to Mot. for Partial Summ. J., Ex. 8. Mr. Beebe's appeal of that refusal to consider his application is the subject of Docket No. 237-12-04 Vtec.

## Discussion

The first issue is whether Appellant-Applicant's 15.59-acre parcel on the westerly side of Spooner Road is a separate lot that does not require subdivision approval, as opposed to those lots proposed to be subdivided on the 33-acre parcel on the easterly side of Spooner Road.

Zoning ordinances are interpreted according to the general rules of statutory construction. In re Weeks, 167 Vt. 551, 554 (1998). Thus, we first look to the plain meaning of the ordinance. In re Stowe Club Highlands, 164 Vt. 272, 279 (1995). If the plain meaning "resolves the conflict without doing violence to the legislative scheme, there is no need to go further . . . ." Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986).

In this instance, the language of the Town's Zoning Bylaws (Bylaws) and Subdivision Regulations (Regulations) instructs that the 15.59-acre parcel is a separate lot for the purposes of zoning. A subdivision permit is therefore not required to separate the 15.59-acre parcel from the larger 33-acre parcel. Article IX of the Town's Bylaws' states, within its definition of "lot," that a "parcel divided by a public road, highway, or street shall be considered as [a] separate lot[]" under zoning." Bylaws Art. IX. While Appellant-Applicant's application is for subdivision review and is governed by the Town's Subdivision Regulations, there is no distinction between the definition of "lot" in the two ordinances because § 210 of the Subdivision Regulations explicitly adopts the definitions used in the Zoning Bylaws for those terms that are undefined by the Subdivision Regulations, such as the word "lot." Regulations § 210. Therefore, because Appellant-Applicant's property is divided by a public road, the two parcels separated by Spooner Road are considered to be independent lots under this zoning ordinance.

Because Appellant-Applicant's 15.59-acre parcel on the westerly side of Spooner Road, and northerly of Jones Road, is separate and independent for the purposes of zoning, it need not be included in the Town's consideration of Appellant-Applicant's proposed subdivision. Appellant-Applicant does not propose to subdivide the 15.59-acre parcel, and because it is independent of the 33-acre parcel, it need not be included in the subdivision plans. Therefore, the Town should not consider Appellant-Applicant's 15.59-acre parcel during its review of the proposed subdivision, unless Appellant-Applicant chooses to include that parcel in his subdivision proposal.

The second issue presented by the pending motion is whether Appellant-Applicant's November 30, 2004 application for a nine-lot subdivision should have been reviewed by the Planning Commission. The Planning Commission refused to hear Appellant's application because the Commission asserted that it was an improper successive application, analogous to the nine-lot subdivision application submitted in April 2004 (see footnote 1), which was later revised to a six-lot subdivision, denied by the Town, and not appealed to this Court.

Normally, successive subdivision applications are prohibited by the Planning and Development Act's finality provision. 24 V.S.A. § 4472(a) (2004). However, as this Court stated in Appeal of Martin:

> An applicant is entitled to make a successive application to one that has been denied if it is either different in its content (especially if the new or amended content is directed at addressing or correcting the reasons for denial) or if some change in external circumstances has occurred in the intervening time, such as a material change in the applicable law or regulations, or a substantial change in the character of an area or the traffic patterns on a roadway, or a substantially new technology or scientific knowledge about the consequences of a proposal.

Docket No. 54-4-03 Vtec, slip op. at 3–4 (Vt. Envtl. Ct., Dec. 15, 2004) (citing In re: Application of Carrier, 155 Vt. 152, 158 (1990) and Appeal of Wesco, Inc., Docket No. 39-3-03 Vtec (Vt. Envtl. Ct., Nov. 29, 2004)), rev'd on other grounds Docket No. 2005-020 (Vt. Supreme Ct., Sept. 29, 2005) (three-justice panel). Therefore, we must determine whether Appellant-Applicant's nine-lot subdivision application is different in content than his previous applications.

As a starting point, we note that Appellant does not argue, and it does not appear, that there were any changes in external circumstances that might justify a successive application (for example, changes in applicable law or the character of the surrounding area).

Appellant-Applicant's previous three subdivision applications (one for a nine-lot subdivision, one for a four-lot subdivision, and one for a five-lot subdivision) all involved the subdivision of the same parcel and were denied for similar reasons—because the subdivision would have undue impacts on Town fire protection, school bus and highway services, safety, health, public welfare, aesthetic, natural resources and natural beauty. We find Appellant-Applicant's proposed four-lot and five-lot subdivision applications sufficiently different from the November 30, 2004 nine-lot subdivision proposal so as to permit a successive application, due to the different amount and size of the subdivided lots. Thus, we must next determine whether the two proposed nine-lot subdivisions are sufficiently different in content to require the DRB to review Appellant-Applicant's new nine-lot subdivision proposal on its merits.

The content of Appellant-Applicant's most recent nine-lot subdivision preliminary plat is quite different in many respects from the one proposed in April 2004—the most obvious difference being the proposed lot sizes and the lots' orientation. In his November 30, 2004 submission, Appellant-Applicant relocated many of the smaller lots to a different part of the 33-acre parcel. Only three of the newly proposed lots are situated in the same location and are the

same sizes as the April 2004 nine-lot subdivision proposal. For the most part, the small lots in the April 2004 proposal had frontage on Spooner Road and ranged in size from over two acres to over three acres. The November 30, 2004 preliminary plat shows that many of the two-to-three-acre lots were relocated from the Spooner Road frontage to both the Jones and Spooner Road frontages.

Unlike the April 2004 preliminary plat, Appellant-Applicant's November 30, 2004 submission also depicts the proposed dwelling locations, building envelopes, and driveways. Appellant-Applicant also changed many of the lot sizes and accesses. These additions and changes to Appellant-Applicant's proposed development addressed some of the Planning Commission's reasons for denying the previous applications, particularly those relating to the undue impact of the proposed development on aesthetics, natural resources, and natural beauty. We therefore find the November 30, 2004 proposal for a nine-lot subdivision sufficiently different in content from the previous applications to justify a Planning Commission hearing on the merits of Appellant-Applicant's nine-lot subdivision, including the preliminary plat drawing.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant-Applicant's motion for partial summary judgment is **GRANTED.** In doing so, we specifically conclude that the 15.59-acre parcel on the westerly side of Spooner Road is to be regarded as a separate lot not requiring subdivision approval. We therefore vacate the Planning Commission decision requiring inclusion of this lot on Appellant-Applicant's subdivision plat. Docket No. 237-12-04 Vtec is hereby **REMANDED** to the Highgate Planning Commission for review and consideration of Appellant-Applicant's November 30, 2004 nine-lot subdivision application, consistent with this Decision.

A conference will be scheduled by the court manager (see enclosed notice) to discuss the remaining issues in this matter, including a possible stay or the scheduling of a merits hearing on the issues remaining in Docket 204-11-04 Vtec and 218-11-04 Vtec, regarding the four-lot and five-lot subdivision proposals.

Done at Berlin, Vermont, this 18th day of November, 2005.

_____
Thomas S. Durkin, Environmental Judge