VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00125



| | |
|---|---|
| DiPasquale Permitted Use Appeal | MERITS DECISION |

This is an appeal by John Reiss of a Town of Danville Development Review Board (DRB) decision upholding an after-the-fact zoning permit issued to Andrew and Katy DiPasquale to install a 6-by-6-foot shed, an 8-by-12-foot shed, and an awning on a yurt on their property located on Old Bayley Hazen Road, Danville, Vermont (the Property).

On April 3, 2024, this Court held a merits hearing via the WebEx videoconferencing service. Mr. DiPasquale attended and represented himself and Ms. DiPasquale. Mr. Reiss is self-represented in this matter and did not attend the hearing. After waiting a few minutes to allow Mr. Reiss to join or contact the Court, the Court moved forward with the merits hearing as scheduled. At the end of the merits hearing, the DiPasquale's made an oral motion to dismiss Mr. Reiss from this appeal as a party due to his failure to appear at trial. The Court took the matter, including the motion, under advisement at that time.

**Discussion**

### I.      Motion to Dismiss Mr. Reiss

Due to Mr. Reiss' failure to attend trial, the DiPasquales have moved to dismiss him as a party from this appeal. Dismissal is warranted. Mr. Reiss is the sole appellant in this matter. Mr. Reiss received notice of the April 3, 2024 merits trial on or about February 7, 2024. The Court understands that such notice was received because, on March 28, 2024, he submitted to the Court a proposed exhibit and an objection to one of the DiPasquale's trial exhibits with the Court. Despite this, Mr. Reiss failed to attend trial. He did not move to

1

continue or otherwise contact the Court with any reasons for failing to participate in trial. He has not, as of the date of this Decision, contacted the Court regarding this matter.

Failing to attend a noticed merits hearing as the appellant in a case is a serious deviation from the requirements of an appellant in a matter before the Court.[1] This is true when the party is self-represented, like Mr. Reiss is here. See <u>Bloomer v. Gibson</u>, 2006 VT 104, ¶ 14, 180 Vt. 397 (noting that, even when a party is self-represented, the Court must enforce the rules of civil procedure and the rules governing this Court, equitably.). It is the obligation of an appellant, or any party for that matter, to attend trial or to move to continue trial should circumstances warrant it. Mr. Reiss did neither. The Court **GRANTS** the DiPasquale's motion and Mr. Reiss is **DISMISSED** as a party from this action.

## II. Merits

The Court may still address the merits of the appeal because the DiPasquales, as applicants, bear the burden of production to support their application. Thus, the Court now address the merits of the appeal as those issues are brought forth through the Statement of Questions.

### a. <u>Statement of Questions</u>

Mr. Reiss, though dismissed as a party, filed a Statement of Questions setting for the issues for this Court to resolve on appeal. We note that Mr. Reiss' statement does not conform to the traditional format of a Statement of Questions. It is a handwritten letter containing substantial narrative argument inappropriate for a Statement of Questions. Even so, the Court understands that the sole issue before the Court is whether the 8-by-12-foot shed on the Property complies with the applicable setback requirements of the Town of Danville Zoning Bylaws. See J. Reiss Letter (filed on December 27, 2023).

### b. <u>Factual Findings</u>

1. Andrew and Katy DiPasquale own property on Old Bayley Hazen Road, Danville, Vermont, identified by the Town of Danville as parcel UW002-060.003 (previously defined as the Property).

---

[1] This was not Mr. Reiss' first failure to attend a Court conference. He failed to attend the Court's noticed final pre-trial conference. After this conference, however, he contacted the Court to discuss trial exhibits.

2. The Property is in the Conservation District as defined by the Town of Danville Zoning Bylaws (the Bylaws). See DiPasquale Ex. 9 (Bylaws).

3. The Property is accessed by a right of way set forth by deed[2] from Route 2 and running along the boundary of the Property (the ROW).

4. The ROW is not a Town of Danville (Town) road.

5. There is no evidence that the ROW is a State highway.

6. The ROW is a private road used only by the DiPasquales and another neighboring property owner.

7. The ROW is not maintained by the Town.

8. The ROW is mainly grass and dirt, and Mr. DiPasquale installed some gravel when the ROW has become muddy.

9. Prior to applying for a zoning permit, the DiPasquales installed an awning on a yurt, a 6-by-6 foot shed, and an 8-by-12-foot shed (the Shed) on the Property.

10. Mr. DiPasquale determined the boundary line of the Property along the ROW.

11. The Shed is 36 feet from that boundary line along the ROW.

12. On or about August 2, 2023, the DiPasquales applied for an after-the-fact zoning permit for the Shed, along with the 6-by-6 shed, and the covered awning for a yurt, which was granted by the Town.

13. That zoning permit was appealed to the DRB, which upheld the permit on October 4, 2023.

14. Mr. Reiss subsequently appealed that decision to this Court.

c. **Discussion**

The sole issue before the Court is whether the Shed complies with the relevant setbacks in the Conservation District. At the core of this issue is whether the ROW is a public road as defined by the Bylaws.

---

[2] The Court notes that it does not retain jurisdiction over the general adjudication of private property rights. In re Woodstock Cmty. Tr. & Hous. Vt. PRD, 2012 VT 87, ¶ 40, 192 Vt. 474 ("[T]he Environmental Division does not have jurisdiction to determine private property rights."). It is, however, within the Court's jurisdiction to consider threshold showings of private property interests. See e.g., In re Leiter, No. 85-4-07 Vtec, slip op. at 4—5 (Vt. Envtl. Ct. Jan. 2, 2008) (Durkin, J.). In this context, we note that the ROW is a deeded right of way, and its use in this context, solely for the purposes of defining the ROW under the Bylaws.

In the Conservation District, there is a minimum front setback of 25 feet and a minimum side setback of 35 feet. Bylaws § 517.3. The Bylaws define "setback" as:

> The distance measured horizontally from a road right-of-way, lot line, boundary, or other delineated feature . . . to the nearest point of the building or other structure on a lot. For a setback from a road, the distance shall be measured from the edge of the mapped road right of way (road line) or, where the right of way is uncertain, from a distance of 25 feet from the existing road centerline. Setbacks from a road are considered "front" setbacks and other setbacks are considered "side" setbacks. "parcels may have more than one front setback. For the purposes of these regulations, the required setback area defines the minimal yard area. *See also ROAD LINE, YARD*.

Bylaws § 202 ("Setback").

The Bylaws define "road line" as the "[r]ight-of-way of a public road as dedicated by a deed of record. Where the width of the public road is not established, the road line shall be considered to be twenty-five (25) feet from the center line of the public road." Bylaws § 202 ("Road Line"). In turn, a public road is a "[p]ublicly owned and maintained right-of-way for vehicular traffic which affords the principal means of access to abutting properties." Bylaws § 202 ("Road, Public"). There is no definition of private road or private right of way and the definition of "setback" does not reference such rights of ways.

When interpreting a zoning ordinance, the Court applies the rules of statutory construction. In re Appeal of Trahan, 2008 VT 90, ¶ 19, 184 Vt. 262. First, we "construe the words according to their plain and ordinary meaning, giving effect to the whole and every party of the ordinance." Id. (citations omitted). In construing language in a zoning regulation, our paramount goal is to implement the intent of its drafters. Morin v. Essex Optical/The Hartford, 2005 VT 15, ¶ 7, 178 Vt. 29. We will therefore "adopt a construction that implements the ordinance's legislative purpose and, in any event, will apply common sense." In re Laberge Moto-Cross Track, 2011 VT 1, ¶ 8, 189 Vt. 578; see also In re Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 22 (quoting Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49, 195 Vt. 586 (1986)) ("Our goal in interpreting [a zoning regulation], like a statute, 'is to give effect to the legislative intent.'"). Moreover, we will not interpret zoning regulations in ways that lead to irrational results. See Stowe Club Highlands, 164 Vt. 272, 280 (1995)

4

(refusing to interpret regulation such that it leads to irrational results). Finally, because zoning regulations limit common law property rights, we resolve any uncertainty in favor of the property owner. Bjerke Zoning Permit Denial, 2014 VT 13, ¶ 22. With these provisions of interpretation in mind, we turn to the Bylaws.

The Bylaws are clear and unambiguous. If a right of way is a public road, then a property owner must comply with front setback requirements from that right of way. See Bylaws § 202 ("Setback"). This is because the Bylaws directly relate the front setback requirements to public roads, as opposed to other types of roads. This is clear by direct reference to the definition of "road line." Id. The definition of "road line," in turn, is specific to public roads only and does not address any other type of right of way. See Bylaws § 202 ("Road Line"). Setbacks in all other instances are specifically side setbacks. See Bylaws § 202 ("Setbacks").

The ROW is not a public road as that term is defined by the Bylaws. The ROW is not publicly maintained. The ROW is not publicly owned. The evidence before the Court shows that the ROW is a deeded right of way for access maintained at least in part by the DiPasquales. Thus, because the ROW is not a public road, the Shed must comply with side setback requirements in the Conservation District of 35 feet. [3]

The credible evidence presented shows that the Shed is 36 feet from the Property's boundary line along the ROW. Mr. DiPasquale credibly testified that he determined the boundary line in this area and purposefully placed the Shed outside of the 35-foot setback. Thus, the Shed does not violate the applicable setback.

### Conclusion

For the foregoing reasons, the Court **GRANTS** the DiPasquales motion to dismiss Mr. Reiss as a party to this action for failure to attend the merits hearing and Mr. Reiss is so

---

[3] While Mr. Reiss failed to attend trial and was dismissed from this matter, we note that his "Statement of Questions" appears to assert that a 50-foot setback is required from the centerline of the ROW. The Court believes this to be a reference to a clause at in Bylaws § 517.3 that states: "Front setback shall be computed from the street right-of-way line. For the purpose of this district, every street shall be considered as having a 50-foot right-of-way and the boundary shall be considered as 25 feet from the existing centerline from the street." This provision, however, only concerns front setbacks, which for the reasons set forth herein, are limited to public roads and no other non-public rights of way. Having concluded that the ROW is not a public road and, therefore, front setback requirements are irrelevant to the Shed, this clause is similarly irrelevant.

**DISMISSED** as a party.  Further, the Court concludes that the ROW is not a public road as that term is defined by the Bylaws and, therefore, the side setback minimum of 35 feet from the lot/boundary line is applicable.  The Shed is 36 feet from the boundary line and, therefore, in compliance with the Bylaws.  This being the sole issue before the Court, the underlying zoning permit is **AFFIRMED**.

This concludes the matter before the Court.  A Judgment Order accompanies this Decision.

Electronically signed this 12th day of April 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division