## STATE OF VERMONT
## ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| **In Re: Application of James Garilli** | } | **Docket No. 244-11-05 Vtec** |
| **d/b/a Millbrook Auto** | } | |
| | } | |

### Decision and Order on Appellant's Motion for Summary Judgment

This matter concerns an appeal by Applicant James Garilli from the decision of the Town of Waitsfield (Town) Zoning Board of Adjustment (ZBA), denying a conditional use permit to construct a building of commercial storage units in the Town's Irasville Village zoning district. Appellant-Applicant is represented by Alan Solomon, Esq.; the Town is represented by Joseph S. McLean, Esq.

The Town of Waitsfield filed a motion for summary judgment, and Appellant-Applicant (hereinafter referred as Applicant) has filed a cross-motion for summary judgment in conjunction with his memorandum in opposition to the Town's motion. The pending motions seek summary judgment on all the issues presented in Applicant's Statement of Questions, which are summarized as follows:

a. Did the ZBA err in not expressly permitting Applicant to build the commercial storage units as proposed which in effect had a second story?

b. Did the ZBA err when it defined "two-story" without a need for statutory construction even though the history and purpose of the Town of Waitsfield's bylaws did not include a definition for such word and its bylaws purports to restrict other types of development?

c. Did the ZBA err in not considering the purpose section of the Irasville Village zoning district when evaluating Applicant's proposed storage units?

d. Did the ZBA err when finding that the words "two" and "story" were clear and that there was no need for statutory construction?

e. Did the ZBA err in not taking into consideration the location of Applicant's property, which is in an industrial/commercial area although located within the Irasville Village District, which Applicant's property is not geared to and did it consider that a full two-story footprint would prohibit small-scale commercial development/expansion and light industrial expansion as well as create traffic impact?

## Factual Background

For purposes of our analysis of each party's motion, any facts in dispute are viewed in a light most favorable to the non-moving party. Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990). The following facts are undisputed unless otherwise noted:

1.     Applicant owns approximately two acres of land at 40 Vermont Route 17 in the Town's Irasville Village District. Applicant's property is bounded on the west, south, and southeast by Route 17 and borders the Waitsfield-Fayston town line to the west and northwest. The parcel is in the form of a shallow trapezoid, two sides of which are segments of adjoining roadway. Mill Brook flows through Applicant's property from north to south, roughly following Route 17 to the west, but the brook flows under a bridge on Route 17 on the southerly end of the property. While the majority of Applicant's property is easterly of Mill Brook, a section of the property sits between Mill Brook and Route 17 to the west. The southerly end of that portion of Applicant's parcel west of Mill Brook is located northerly of the intersection of Route 17 and Dana Hill Road.

2.     Applicant's property is currently improved with two structures easterly of Mill Brook: an existing 50' x 52', two-bay automobile service garage, known as Millbrook Auto, which is roughly in the middle of the easterly portion of the parcel (to the east of Mill Brook), and a 30' x 30' private "barn" near the southerly end of the property also east of Mill Brook. Freeman G. White owns the adjoining property to the north and east and uses it as a commercial liquid petroleum business.

3. On June 3, 2005, Applicant sought conditional use approval to construct a 5,040 square-foot, 280′ x 18′, building containing 28 mini-storage units, each being 10′ x 18′. The easterly-most unit is numbered Unit 1 and the westerly-most unit is numbered Unit 28.

4. Though most of the storage units will be one story, Applicant proposed extending a roof from the existing service station garage northward over the parking area and internal driveway to create a two-story façade over 5 of the 28 units. The remaining units will all be a single story, and all proposed units would be constructed with a hip roof and a wood front façade.

5. The proposed storage units qualify as a conditional use under the Warehouse/Storage category of the Town's Bylaws. See Bylaws Tbl. 2.03(C)(34). The dimensional standards for a conditional use in the Irasville Village District, however, require a minimum building height of "two stories above grade (excluding accessory structure[s] not greater than 600 square feet)." Bylaws Tbl. 2.03(D).

6. In conjunction with his application, Applicant initially submitted a site plan entitled "Proposed Site Plan for Storage Units," Sheet S-1. The site plan depicts the location and design of the storage units, parking, landscaping, and other buildings on the site, including an existing barn, and "existing commercial garage," as well as an "existing maintenance garage" on the adjacent property to the northeast. Applicant's original site plan also depicted a small, two-story garage/storage structure on the easterly side of the building as part of Units 1 and 2. This two-story addition on top of Units 1 and 2 appears to have been ambulatory in the sense that Applicant proposed a concept drawing depicting multiple potential locations for the second story addition.

7. In a subsequent hearing on September 27, 2005, Applicant submitted a revised site plan depicting a hand-drawn, two-story roof extension, which would extend northerly from the existing service station garage, over the parking area, to

3

create a second story over Units 15 through 19, roughly in the middle of the commercial storage structure.

8.      In a written decision on October 25, 2005, the ZBA denied Applicant's Application for failing to comply with § 5.03(D)(2)(b) and Table 2.03(D) of the Zoning Bylaws.

**Discussion**

The primary issues raised in this appeal and in the parties' cross-motions for summary judgment pertain to whether the "minimum building height" of two stories applies to all buildings in the Irasville Village District, and whether the Zoning Bylaws' reference to a minimum building height of two stories is ambiguous, requiring the Court to look outside the Bylaws to evidence that may assist the Court in interpreting the minimum height requirement. Applicant also suggests that the ZBA's denial of the conditional use approval was arbitrary because its proposed partial second story plan is consistent with the scaling and massing requirements of the Irasville Village District and the coordinated growth intended by the Planning Commission as contemplated in the purpose statement of the Irasville Village District, see Bylaws Tbl. 2.03(A). For the reasons more particularly stated below, the Court finds no genuine issue of material fact in this matter and declines to adopt Applicant's suggestion that the Zoning Bylaws' use of the term "two story" is ambiguous.

The Zoning Bylaws list the use of "warehouse/storage" as a conditional use in Irasville Village District. Bylaws Tbl. 2.03(C)(34). The purpose of the Irasville Village District is "to function as the town's growth center as defined in the Waitsfield Town Plan, to enable coordinated expansion of residential development, shopping facilities, and other commercial uses that minimize traffic impacts, and which concentrate development into a more compact village setting." Id. at Tbl. 2.03(A). The District's dimensional standards provide that the "Minimum Building Height" shall be "two

4

stories above grade (excluding accessory structure[s] not greater than 600 square feet)." Id. at Table 2.03(D).

Bylaws § 5.03(D)(2)(b) governs conditional use review, and authorizes the ZBA to impose specific conditions based on a finding that certain factors are applicable "due to site conditions and/or the scale and intensity of the proposed use," including:

> 2. **Design and Location of Structures**. The design and location of structures will be compatible with their proposed setting and context, as determined in relation to zoning district objectives and standards under Article II. A design or visual impact analysis may be required to identify potential adverse impacts and appropriate mitigation measures. Specific standards shall apply to the following districts…

> b. In the **Irasville Village District**, development should be designed to establish a defined streetscape, characterized by an interconnected network of streets bounded by a combination of sidewalks, street trees and consistent building setbacks, as opposed to large-scale buildings surrounded by expansive parking areas. <u>Buildings shall be a minimum of two stories and should reflect a diversity of building scale and massing</u>. Excessively large, monolithic buildings should be avoided, or the scale and massing reduced through varied roof lines and interruption to the building elevation (façades) to create attached, but separate masses.

Id. § 5.03(D)(2)(b) (emphasis added).

Thus the principal issue for our consideration is whether Applicant's proposed storage building meets the provisions of the Zoning Bylaws requiring a "minimum building height" of two stories above grade.

We interpret zoning ordinances according to the general rules of statutory construction. In re Weeks, 167 Vt. 551, 554 (1998). Thus, we first look to the plain meaning of the ordinance. In re Stowe Club Highlands, 164 Vt. 272, 279 (1995). If the plain meaning "resolves the conflict without doing violence to the legislative scheme, there is no need to go further . . . ." Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49 (1986).

The Zoning Bylaws define "building height" in part as "[t]he height measured from the highest point on the top of a structure vertically to the lowest point of the finished grade at the foundation." Bylaws § 7.02. The Bylaws also define "story" as, "that portion of a building, other than a basement, included between the surface of any floor and the surface of the next floor or ceiling above it. For the purposes of these regulations, a basement shall be counted as a story if the front exterior wall of the basement is a minimum of 50% above the finished grade." Id.

Applicant asks us to declare that the Zoning Bylaws' use of the term "two story" as a minimum building height is ambiguous, as that term is undefined by the Bylaws. We reject Applicant's claim. Bylaws § 7.02 clearly and simply defines the word "story." Bylaws Table 2.03(D) unequivocally imposes a "minimum building height" of two stories above grade. Moreover, Bylaws § 5.03(D)(2)(b) directs that "[b]uildings shall be a minimum of two stories." Thus, Applicant must construct a building with a minimum of two sets of stories, defined as being "that portion of a building, other than a basement, included between the surface of any floor and the surface of the next floor or ceiling above it." See Bylaws § 7.02.

Applicant's contention that the number "two" is ambiguous, while creative, is not worthy of serious consideration. It is difficult to imagine a definition for "two" other than one plus another one, as the Town succinctly argues and Bylaws illustrate.

Thus, for the ZBA to issue a conditional use approval, Applicant must comply with the "minimum building height" requirements in the Irasville Village District of "two stories above grade."

Even viewing the facts in a light most favorable to the Applicant, we cannot say that their proposed storage building satisfies the two-story requirement of the Zoning Bylaws. Applicant would have us hold that their creation of a second story over

6

approximately 18% of their proposed structure satisfies the Bylaws.[1] In light of the Bylaws statement that "buildings shall be a minimum of two stories" in the Irasville Village District, Bylaws § 5.02(D)(2)(b) (emphasis added), we cannot see how the Bylaw can be interpreted to permit a second story over only a portion of a proposed building. If the Town intended to allow buildings that have only a partial second story in the Irasville Village District, the Bylaws could have been so drafted and adopted. However, here the Town adopted Bylaws that unambiguously require a minimum building height of two stories. Applicant proposed a one-story structure with a second story over 18% of the project. Applicant's proposal is therefore insufficient to satisfy the minimum required building height in the Irasville Village District.

Recognizing that the purpose of the Irasville Village zoning district to "concentrate development into a more compact village setting," Bylaws Tbl. 2.03(A), Applicant argues that because Applicant's lot is situated on the periphery of the zoning district and not in the "village" portion of the district, the two-story minimum building height should be ruled inapplicable. We do not find any language in the Bylaw that provides the ZBA in the first instance or this Court on appeal with the discretion to disregard the two-story minimum height requirement.

The location of Applicant's property on the edge of the Irasville Village District does not change the fact that Applicant's project is in that particular zoning district and must comply with the requirements for that district as enumerated in Bylaws Table 2.03. Moreover, Applicant's reliance on the "Purpose" section of the zoning ordinance is misplaced as, "the purpose statement of the bylaws has no direct regulatory effect."

---

[1] Five of the twenty-eight storage units, all similarily sized, are proposed to be covered by a second story; therefore since the proposed building is composed entirely of the twenty-eight storage units, 18% of the proposed building will have a second story.

In re Meaker, 156 Vt. 182, 185 (1992). Therefore, without obtaining a variance,[2] Applicant cannot exempt their project from the requirements of their zoning district, including the minimum building height of two stories, simply because their project is located on the edge of, but still within the Irasville Village District.

Lastly, we decline to address Applicant's arguments regarding the effect of the minimum building height requirement on the economic viability of the proposed project, nor will we address the potential practical impossibility of applying the two-story minimum building height requirement to certain conditional uses in the Irasville Village District. In the absence of any provisions to the contrary, the Town's Zoning Bylaws do not permit the ZBA below, or this Court on appeal, to consider the potential economic viability of a proposed project. Nor is this Court allowed to address issues relating to certain use categories not properly presented by the application appealed from. Here we are mindful of the directive from our Supreme Court that:

> [t]he [Environmental Court], on review of a zoning board or planning commission decision, is acting within its proper role when it decides questions that have been formulated in the local approval process and which divide the parties. It is beyond its role as an appellate tribunal, even under a de novo review standard, to start addressing new issues never presented to the planning commission and on which interested persons have not spoken in the local process.

In re Maple Tree Place, 156 Vt. 494, 500 (1991).

As Applicant's use was properly reviewed below as the allowed conditional use of "Warehouse/Storage," we decline to address factors not required by the Zoning Bylaws and other uses outside the matter presented to us on appeal.

---

[2] We do not offer any opinion on whether a variance could be obtained in this case, as that question is not before the Court. We note only that, absent a variance, the proposed development must comply with the district requirements.

Accordingly, based on the foregoing, it is herby **ORDERED** and **ADJUDGED** that the Town's motion for summary judgment is **GRANTED** and Applicant's cross-motion for summary judgment is **DENIED**, as the Zoning Bylaws require a structure to meet a minimum building height of at least two complete stories above grade in the Irasville Village District.

This decision appears to resolve all of the issues presented by Applicant's Statement of Questions. However the Court will still conduct the previously scheduled telephone conference on Thursday, May 4, 2006, to discuss the remaining issues to be heard at trial. The trial currently scheduled for May 11, 2006, at the Vermont Environmental Court in Berlin, and the 8:30 A.M. site visit are hereby cancelled, unless good cause is presented at the May 4th telephone conference as to what judiciable issues remain in this appeal.

Done at Berlin, Vermont, this 3rd day of May, 2006.

_____

Thomas S. Durkin, Environmental Judge