State of Vermont
Superior Court — Environmental Division

==================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
==================================================================

**In re Goddard College Conditional Use**                    **Docket No. 175-12-11 Vtec**
**(Appeal from Town of Plainfield Development Review Board decision)**

Title: Motion to Dismiss for Lack of Standing (Filing No. 1)

Filed: March 2, 2012

Filed By: Appellee/Applicant Goddard College

Response in Opposition filed on 3/15/12 by Appellant Rhea Wilson

Reply filed on 5/2/12 by Goddard College


___ Granted                    ___ Denied                    <u>X</u>  Other

      Rhea Wilson (Appellant) appeals a decision by the Town of Plainfield Development Review Board (the DRB) finding that all of the criteria for site plan approval were met and granting a conditional use permit to Goddard College (Applicant) to construct a building that will house a proposed central wood-chip heating system on property that Applicant owns in the Town of Plainfield, Vermont (the Town). Now pending before this Court is Applicant's motion to dismiss Appellant and her neighbors Yvonne Byrd and Daniel Towner (Neighbors), who have appeared as interested persons in this case, for lack of standing.

Appellant's Standing

      This Court's jurisdiction is limited to "actual cases or controversies." <u>Parker v. Town of Milton</u>, 169 Vt. 74, 76–77 (1998); see also <u>In re Constitutionality of House Bill 88</u>, 151 Vt. 524, 529 (1949) ("The judicial power, as conferred by the Constitution of this State upon this Court, is the same as that given to the Federal Supreme Court by the United State Constitution; that is, the right to determine actual controversies arising between adverse litigants, duly instituted in courts of proper jurisdiction."). Whether the Court is presented with a case or controversy turns partially on whether the party bringing a claim has standing to do so. <u>Parker</u>, 169 Vt. at 77. In other words, standing is a "necessary component to the court's subject-matter jurisdiction." <u>Bischoff v. Bletz</u>, 2008 VT 15, ¶ 15, 183 Vt. 235.

      Because standing is a question of our subject matter jurisdiction, we review Applicant's motion challenging Appellant's standing under the standard of review afforded by Rule 12(b)(1) of the Vermont Rules of Civil Procedure, which governs motions to dismiss for lack of subject matter jurisdiction. See <u>In re Main St. Place LLC</u>, Nos. 120-7-10 Vtec, 191-11-10 Vtec, et. al., slip op. at 2 (Vt. Super. Ct. Envtl. Div. June 19, 2012) (Durkin, J.). We will accept as true all uncontroverted factual allegations, and we will construe those factual allegations in the light most favorable to the nonmoving party. <u>Id.</u>; see also <u>Rheaume v. Pallito</u>, 2011 VT 72, ¶ 2 (mem.).

The requirements for standing to appeal a municipal panel's decision are addressed by statute. Pursuant to 10 V.S.A. § 8504(b) and 24 V.S.A. § 4471(a), a person has standing to appeal a municipal panel's decision to this Court if he or she participated in the proceeding below and qualifies as an "interested person" under one of the categories defined in 24 V.S.A. § 4465(b). Applicant does not dispute that Appellant participated in the DRB proceeding. Thus, the only issue before the Court with respect to Appellant's standing is whether she qualifies as an interested person.

Appellant contends that she qualifies as an interested person under the third category of "interested person" described in 24 V.S.A. § 4465(b). Thus, she must show that she meets each of that provision's three requirements: (1) that she "own[s] or occupi[es] property in the immediate neighborhood of a property that is the subject of" the DRB's decision; (2) that she can "demonstrate a physical or environmental impact on [her] interest under the criteria reviewed"; and (3) that she "alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms" of the Town of Plainfield Zoning Regulations (the Regulations). 24 V.S.A. § 4465(b)(3). Appellant's filings include allegations showing that she satisfies the first and third requirements, and Applicant does not dispute these allegations. Thus, the only question remaining before the Court is whether Appellant can demonstrate a physical or environmental impact to her interest under the criteria under which Applicant's proposed project will be reviewed.

In her Statement of Questions, Appellant seeks review of the proposed project under Sections 2.6.a, 2.6.b, and 2.6.e of the Regulations. Section 2.6.a requires that the scale or size of the proposed development be compatible with both nearby properties and the historic character of the village. Regulations § 2.6.a. Section 2.6.b requires that the proposed use be appropriate in the district and not detrimental to other uses in the district or to neighboring properties. Regulations § 2.6.b. Section 2.6.e requires that the proposed use not create any odors, noise, or lights beyond the property line. Regulations § 2.6.e. Thus, to determine whether Appellant has standing, we must determine whether she can demonstrate a physical or environmental impact to her interests under those regulatory provisions. See 24 V.S.A. § 4465(b)(3).

Before we analyze whether Appellant has sufficiently satisfied that requirement, we must clarify what Appellant must demonstrate to survive Applicant's motion to dismiss for lack of standing. Applicant cites In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. July 2, 2010) (Durkin, J.), to argue that Appellant must provide an offer of proof indicating that the proposed project will result in a physical or environmental impact on her interests under the Regulations. Pion, however, was decided in the Act 250 context and has been further qualified by In re Bennington Wal-Mart Demolition/Construction Permit, No. 158-10-11 Vtec, slip op. at 9-10 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2012) (Walsh, J.). In Bennington Wal-Mart, which also addressed standing under Act 250, this Court determined that, to survive a motion to dismiss for lack of standing, a party need only show that there is a "reasonable possibility" that his or her interests will be affected by a decision by this Court. Id.

Neither Pion nor Bennington Wal-Mart are directly on point, as those cases dealt with proposed projects under Act 250, and this is a municipal matter governed by 24 V.S.A., Chapter 117 and the Regulations. This matter is analogous to Bennington Wal-Mart, however, to the extent that Applicant is raising the question of what Appellant must demonstrate to survive a motion to dismiss for lack of standing in an appeal from a municipal panel. Accordingly, Appellant must show only that there is a reasonable possibility that Applicant's proposed

project will result in a physical or environmental impact on Appellant's interests under the Regulations.

Appellant has met that burden here.  In support of her response in opposition, Appellant submitted a map indicating that her property lies directly across the street from the site of the proposed project.  She alleges that the proposed project would be "an industrial-looking misfit" in her neighborhood.  (Appellant Rhea Wilson's Response to Goddard College's Motion to Dismiss 3, filed Mar. 15, 2012.)  She also alleges that the project's operations would be noisy and pollute the area.  Thus, she has shown a reasonable possibility that her interests protected by Sections 2.6.a, 2.6.b, and 2.6.e of the Regulations would be impacted by Applicant's proposed project.

Applicant also argues that Appellant is alleging that her private views may be impacted by the proposed project and that such private views are not protected under the Regulations.  We do not understand Appellant to be arguing that her private views will be impacted, however.  Instead, Appellant contends that the project will result in a negative aesthetic impact on the neighborhood generally.  The plain language of the Regulations protects such an impact.  See, e.g., Regulations §§ 2.6.a (requiring that the proposed development be compatible with nearby properties and the historic character of the village); 2.6.b (requiring that the proposed use be appropriate in the district and not detrimental to other uses in the district or to neighboring properties).  Appellant's contentions that the proposed project will be "an industrial-looking misfit" and that it will emit noise and pollution are sufficient to show a reasonable possibility that Applicant's proposed project will not be compatible with nearby properties or the village and may in fact be detrimental to them.  She has thus alleged a reasonable possibility that the proposed project may impact her interests that are protected under the Regulations.

Accordingly, we conclude that Appellant has demonstrated a physical or environmental impact to her interest relating to the provisions of the Regulations under which Applicant's proposed project will be reviewed.  Appellant thus qualifies as an interested person under 24 V.S.A. § 4465(b)(3).

Applicant also argues that even if Appellant can show that the proposed project would harm her interests under the Regulations, 24 V.S.A. § 4413(g)[1] bars this Court from providing a remedy for that harm. Thus, by arguing that Appellant is statutorily prevented from recovering for her alleged injuries, Applicant challenges Appellant's standing with regard to redressability.

The Court agrees that redressability is an element of standing.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (articulating the federal standing requirements, including the requirement that a party show that it is likely that the injury can be redressed by a favorable decision in a court of law); Parker, 169 Vt. at 77–78 (adopting the federal standing requirements).  As discussed above, the requirements for standing to appeal a municipal panel's decision are codified in 10 V.S.A. § 8504(b) and 24 V.S.A. § 4465(b) and § 4471(a).  The redressability standing requirement is implicit in the requirements that a party must meet in order to be an interested person under 24 V.S.A. § 4465(b)(3).  See 24 V.S.A. § 4465(b)(3) (defining an interested person as "[a] person owning or occupying property in the immediate

---

[1] Section 4413(g) provides: "Notwithstanding any provision of law to the contrary, a bylaw adopted under this chapter shall not prohibit or have the effect of prohibiting the installation of solar collectors, clotheslines, or other energy devices based on renewable resources."

neighborhood of a property that is the subject of <u>any decision or act taken under this chapter</u>, who can demonstrate a physical or environmental impact on the person's interest <u>under the criteria reviewed</u>, and who alleges that <u>the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality</u>") (emphasis added).

As discussed above, we conclude that Appellant qualifies as an interested person under 24 V.S.A. § 4465(b)(3). Thus, Appellant has necessarily shown that a favorable decision by this Court can redress her alleged injuries. Applicant's argument that 24 V.S.A. § 4413(g) bars this Court from redressing Appellant's alleged injuries is thus misplaced.

Furthermore, 24 V.S.A. § 4413(g) does not limit a municipality from regulating project such as Applicant's. We interpret a zoning ordinance using the familiar rules of statutory construction. <u>In re Appeal of Trahan</u>, 2008 VT 90, ¶ 19, 184 Vt. 262. We will "construe words according to their plain and ordinary meaning, giving effect to the whole and every part of the ordinance." <u>Id</u>. If the plain language resolves the interpretive conflict, "there is no need to go further, always bearing in mind that the paramount function of the court is to give effect to the legislative intent." <u>Lubinsky v. Fair Haven Zoning Bd.</u>, 148 Vt. 47, 49 (1986).

Section 4413(g) provides that "a bylaw . . . shall not prohibit or have the effect of prohibiting the installation of solar collectors, clotheslines, or other energy devices based on renewable resources." 24 V.S.A. § 4413(g). Applicant contends that its proposed project is a "renewable energy device" and is therefore allowed under Section 4413(g). In response, Appellant contends that the plain language of Section 4413(g) is intended to address "incidental household devices," not large heating plants such as the proposed project. Appellant also argues that Section 4413(g)'s plain language may prevent municipalities from prohibiting such devices, but it does not prevent them from regulating the devices' noise, location, and safety.

We agree with Appellant. By including examples such as solar collectors and clotheslines, the plain language of Section 4413(g) indicates that the provision was intended to regulate smaller devices, not large wood chip heating plants such as the one Applicant proposes. In fact, the word "device" itself suggests that large facilities are not protected by Section 4413(g). The ordinary meaning of "device" includes "a piece of equipment or a mechanism designed to serve a special purpose or perform a special function." Merriam-Webster Online Dictionary, available at <u>http://www.merriam-webster.com/dictionary/device</u>; see also Black's Law Dictionary (9th ed. 2009) (stating that in the context of patents, a device "may be an apparatus or an article of manufacture"). The definition of "device" does not include large plants or facilities such as the one proposed by Applicant, but rather smaller, individual pieces of equipment. Moreover, reasonable regulations of noise, location, and safety do not "have the effect of prohibiting" the proposed project, because, if necessary, the project could be altered to comply with the Regulations. Accordingly, 24 V.S.A. § 4413(g) does not prevent the Town, or on appeal this Court, from reviewing Applicant's proposed project.

Accordingly, we conclude that Appellant has standing to appeal the DRB's decision under 10 V.S.A. § 8504(b) and 24 V.S.A. § 4471(a). We therefore **DENY** Applicant's motion to dismiss Appellant.

Neighbors' Status as Interested Persons

Applicant's motion to dismiss also challenges Neighbors' ability to appear as parties in this appeal. Neither Neighbor filed a response to Applicant's motion indicating that he or she is entitled to interested person status. Instead, Appellant argues in her filings that Neighbors are entitled to participate in her appeal.

Appellant cannot represent Neighbors or assert legal rights on their behalf. See Hinesburg Sand & Gravel Co. v. State, 166 Vt. 337, 341 (1997) ("The prudential elements of standing include the general prohibition on a litigant's raising another person's legal rights . . . ."); Agency of Natural Res. V. United States Fire Ins. Co., 173 Vt. 302, 306 (2001). Thus, for Neighbors to survive Applicant's motion to dismiss, they should have personally presented allegations showing that they are entitled to appear as parties in this appeal.

Because Neighbors have not provided us with that information, we conclude that neither Neighbor is entitled to participate in this appeal as an interested person. We therefore **GRANT** Applicant's motion to dismiss Neighbors as parties.[2]

Conclusion

For the reasons detailed above, we **DENY** Applicant's motion to dismiss Appellant as a party to this matter. We **GRANT** Applicant's motion to dismiss Neighbors. This matter will be set for a status conference pursuant to the enclosed notice.

_____          ____July 5, 2012_____
Thomas G. Walsh, Judge                                          Date

=================================================================================

Date copies sent to: _____                    Clerk's Initials _____

Copies sent to:

  Rhea Wilson, Appellant, pro se

  Brian S. Dunkiel, Attorney for Appellee/Applicant Goddard College

  Elizabeth H. Catlin, Co-counsel for Appellee/Applicant Goddard College

  Interested Person Yvonne Byrd

  Interested Person Daniel Towner

  Interested Person Town of Plainfield

---

[2] Neighbors may appear as witnesses for Appellant should she wish to call them.